**BEALS' ESTATE et al. v. COMMISSIONER OF INTERNAL REVENUE and**
four other cases.
Nos. 122–126.

Circuit Court of Appeals, Second Circuit.
Feb. 10, 1936.

Andrew T. Smith and Virgil Y. Moore, both of Washington, D. C., for petitioners.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and John MacC. Hudson, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

These five cases present the same question, namely, whether the value of certain shares of stock received by the taxpayer in the year 1928 was taxable income to him in that year. Subsequent to the transactions involved in this litigation, two of the taxpayers, John D. Beals and Walter R. Comfort, died, and the petitions with respect to their taxes are prosecuted by their respective legal representatives. By stipulation the five cases were consolidated and heard upon a single record.

The taxpayers were officers and shareholders of Reid Ice Cream Company, a corporation hereafter called Reid, which agreed to sell to The Borden Company as of the close of business on December 31, 1927, all its assets and business as a going concern. The purchaser agreed, among other things, to issue to Reid certificates for 89,000 shares of Borden common stock. The contract was carried out and these shares were distributed by Reid to its shareholders in January, 1928. Reid was then dissolved. These 89,000 shares are not, however, the shares which give rise to the present controversy. This arises out of the issuance of additional shares of Borden stock under circumstances about to be stated. The contract of sale required Reid to deliver to Borden agreements by three of the taxpayers, Walter R. Comfort, William J. Weller, and John D. Beals, by which they severally promised Borden to make certain guaranties, to enter its employ, and not otherwise to engage in the ice cream business within a limited area for a term of five years. In consideration for the delivery of such agreements, Borden agreed to deliver to said taxpayers 4,667 shares of Borden stock to be divided between them as they might mutually decide. Reid was also required to deliver agreements by Robcliff V. Jones, Harold W. Comfort and Walter R. Comfort, Jr. (the latter not being a party to this litigation), by which they bound themselves to Borden not to engage in the ice cream business, except in Borden's employ, for a term of five years and within a specified territorial area; and for such agreements Borden agreed to deliver to them 2,500 shares of its stock to be divided between them. These agreements were delivered to Borden on January 3, 1928, and the taxpayers received 6,667 shares, as follows: Walter R. Comfort, 2,060 shares; William J. Weller, 1,960 shares; John D. Beals, 647 shares; Robcliff V. Jones and Harold W. Comfort, 1,000 shares each. It has been stipulated that 75 per cent. of the shares so obtained by the three first-named taxpayers was consideration for their agreements to refrain from competition with the Borden Company. The fair market value of Borden stock on January 3, 1928, was $170 a share. The resolution of Borden's board of directors authorizing the contract with Reid recited that 96,167 shares of stock was to be paid for the acquisition of Reid's property and business. The taxpayers returned as income for 1928 none of the Borden shares received by them as consideration for their several agreements not to engage in a competing business. In auditing their returns the commissioner included as taxable income the value of such stock. This produced the deficiencies complained of. The board has sustained the commissioner's determination and these appeals question the correctness of that ruling.

It is contended by the taxpayers that the shares in question were not taxable as income in the year 1928 because they were received pursuant to a plan of reorganization and under section 112 (b) of the Revenue Act of 1928, 45 Stat. 816 (26 U. S.C.A. § 112 and note), any gain so realized is not recognizable for tax purposes until the stock · is sold. It may be assumed that the sale by Reid of its assets and business for cash and stock of the Borden Company was a reorganization within section 112 (b) (4) of the act (26 U.S.C.A. § 112 and note). See Helvering v. Minnesota Tea Co., 296 U.S. 378, 56 S. Ct. 269, 80 L.Ed. —— (Dec. 16, 1935). We may likewise assume that the 89,000 shares of Borden stock distributed by Reid to its stockholders involved no recognizable gain to them because of section 112 (b) (3) of the act (26 U.S.C.A. § 112 and note). No question is raised as to this. But that section does not embrace the shares received as consideration for the taxpayers' agreements to refrain from competition with

Borden. It reads as follows: "(3) Stock for Stock on Reorganization. No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization."

The Borden stock in question was certainly not "exchanged solely for stock" in the Reid corporation. Unless it was, the section relied upon can have no application. It is urged that the taxpayers' restrictive covenants not to compete with Borden were merely ancillary to the contract of sale between Reid and Borden and a necessary feature of the plan of reorganization in order to protect the transfer of Reid's good will. Granting all this, it merely shows that the shares in question were issued "in pursuance of the plan of reorganization." It does not show they were exchanged solely for stock or securities. On the contrary, it is plain that they were issued in return for the taxpayers' restrictive covenants and not as consideration for any interest they owned in Reid. Whether this was an unlawful consideration as to Borden, as the taxpayers contend in reliance upon Thoms v. Sutherland, 52 F.(2d) 592, 597 (C.C.A.3), we need not consider, for their value in the hands of the taxpayers is not questioned. The contention that section 112 (b) (3) applies to the shares in question cannot stand.

As an alternative contention the taxpayers argue that the shares were received in exchange for property and the gain thereby realized must be taxed as upon the disposition of a capital asset, pursuant to section 101 (c) (8) of the Revenue Act of 1928, 45 Stat. 811 (26 U.S.C.A. § 101 note). But if it be conceded that the privilege of each of the taxpayers to engage in the ice cream business is a right of property in him, such property was not conveyed to Borden. Borden did not and could not get his privilege; all it got was his promise not to exercise his privilege, and it paid him in advance for the performance of this promise. A promise not to work for others or for oneself is no more a conveyance of property than is a promise to enter the promisee's employ. Payment for either promise is income, not proceeds received on disposal of a capital asset. This has already been authoritatively decided. Sal-vage v. Commissioner, 76 F.(2d) 112 (C. C.A.2), affirmed Helvering v. Salvage, 296 U.S. ——, 56 S.Ct. 375, 80 L.Ed. —— (January 13, 1936).

The orders are affirmed.