Nathan **APPLEMAN** and Janet G. Appleman, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

United States District Court
S. D. New York.

Sept. 15, 1959.

Primoff & Primoff, New York City, Melvin I. Primoff, New York City, of counsel, for plaintiffs.

S. Hazard Gillespie, Jr., U. S. Atty., Southern District of New York, New York City, Marguerite R. de Smet, Asst. U. S. Atty., New York City, of counsel, for defendant.

DAWSON, District Judge.

This is a motion and cross-motion for summary judgment under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. The parties have each agreed that there is no controversy as to any issue of fact.

The action is one for a tax refund. The essential issue presented to the Court is whether a gain received by a taxpayer on payment in full of dividend arrears certificates is to be treated as a capital gain or treated as dividend income and taxed as ordinary income.

The following facts appear to exist without substantial controversy:

In May 1937 the Illinois Power Company, pursuant to a plan of recapitalization, issued in exchange for its 6% and $6 cumulative preferred stock, an issue of 5% cumulative preferred stock, certain common stock and dividend arrears certificates. Each dividend arrears certificate entitled the holder to receive from time to time any installments which might be declared payable by the Board of Directors. The total installment which could be received was the sum of $24, and no dividends could be paid on the new common stock until these dividend arrears certificates were paid in full. These dividend arrears certificates contained no voting rights but were convertible into common stock on or before December 31, 1940. The conversion privilege expired on that date.

In the year 1946 plaintiffs purchased 1600 of these certificates for a total price of $30,275.04. More than six months thereafter the plaintiffs received as distributions on said certificates the sum of $38,400, which represented the full amount of these certificates.

In 1947 plaintiffs reported the sum of $8,124.96 as a long-term capital gain. This figure represented the amount they received in excess of the cost of these certificates. The Comissioner of Internal Revenue declared that such gain constituted ordinary income and made an additional assessment for the year 1947. Plaintiffs paid such deficiency, plus interest, and now sue for a refund.

The complaint contains three causes of action, but the first two are in the alternative and the parties agree that whoever prevails on Count 1 must lose Count 2. The third count merely involves an arithmetical error.

The basic issue which this Court must decide is whether the profit made by plaintiffs in the above transaction could, under the Internal Revenue Code of 1939, be treated as capital gains, and thereby be taxed at a more favorable rate than if it were ordinary income.

It is the contention of the plaintiffs that (1) the dividend arrears certificates were capital assets and (2) when redeemed by the corporation by payment in full such payment constituted a "sale or exchange" under § 117(a) (4) [1] of the Internal Revenue Code of 1939, and (3) therefore any profits received therefrom were taxable as long-term capital gains under said section of the Internal Revenue Code of 1939.

A dividend arrears certificate is a "curious" security which partakes of certain but not all the attributes of capital stock. See Skenandoa Rayon Corp. v. Commissioner, 2 Cir., 1941, 122 F.2d 268, 270, certiorari denied 1941, 314 U. S. 696, 62 S.Ct. 413, 86 L.Ed. 556. In effect, the issuing corporation which has had preferred stock in arrears has, in a recapitalization, issued two pieces of paper to evidence rights previously expressed by the stock certificate. One piece of paper, the stock certificate, continues to express the proprietary right in the corporation; the other piece, the dividend arrears certificate, expresses the right of the holder to receive previously accumulated dividends before any dividends are paid to holders of common stock. Such dividend arrears certificates certainly do not evidence any debt of the corporation since accumulated and past due dividends do not become the debt of a corporation until such dividends are declared payable by the directors. See South Atlantic Steamship Line, 1940,

---

[1]. "§ 117. Capital gains and losses
   "(a) Definitions. As used in this chapter—
   *    *    *    *    *
   "(4) Long-term capital gain. The term 'long-term capital gain' means gain from the sale or exchange of a capital asset held for more than 6 months, if and to the extent such gain is taken into account in computing gross income." 26 U.S.C.A. § 117(a) (4).

42 B.T.A. 705, at page 713. Such dividend arrears certificates are not "stock" in the ordinary sense of the word, since they do not express a proprietary interest in the corporation. They possess no right to vote; they possess no right to share in the undivided assets of the corporation except to the extent necessary to pay off the accumulated dividends represented by them before anything is paid on the common stock. The most accurate way of describing them would be as a contract obligation of the corporation, i. e., a contract by which the corporation agrees that it will pay to the holder of such certificate the principal amount of the dividend in arrears before any dividends are paid on the common stock of the corporation. It is not a debt security, nor is it a stock security. It is no more "stock" than a contract by which a corporation might agree to pay its president a certain sum of money before any amounts are paid out to other officers or stockholders of the corporation.

When a contract obligation of a corporation is paid off, such payment does not constitute a sale or exchange of the evidence of the obligation, even though the document evidencing such obligation must be surrendered to the corporation. See Bingham v. Commissioner, 2 Cir., 1939, 105 F.2d 971; Beals' Estate v. Commissioner, 2 Cir., 1936, 82 F.2d 268; Commissioner v. Starr Bros., Inc., 2 Cir., 1953, 204 F.2d 673.

In the present situation the most that the taxpayer can contend, in the light of the facts, is that he received payment from the corporation in satisfaction of a contract obligation of the corporation and as a condition of doing so he surrendered the document which expressed that contract obligation. Such a transaction is not a sale or exchange of a capital asset. Since the dividend arrears certificate is not stock the provisions of §§ 115(c) and 115(i) of the Internal Revenue Code are not applicable to the transaction. If, however, the dividend arrears certificates are considered to have some of the attributes of stock, nevertheless, the payment made in redemption of the certificates would have to be treated as a taxable dividend under the provisions of subdivision (g) (1) of § 115 of the Internal Revenue Code.[2]

Certainly if the company had paid the dividends then in arrears at the time of the original recapitalization, such payments would have been treated as taxable dividends. When it issued the dividend arrears certificates it was, in effect, merely issuing documents which indicated that dividends were in arrears on its stock and those dividends would be paid before any dividends were paid on any common stock, which was nothing more than stating the state of facts which existed at the time. The dividend arrears certificate specifically was one for "the unpaid amount of dividends in arrears from May 1, 1933, to May 1, 1937." Payments to be made thereon were restricted to payments "out of surplus legally available for the declaration of dividends." The payments made in redemption of those certificates were payments made out of accumulated earnings and profits. (See supplemental affidavit of Melvin I. Primoff, paragraphs 8 and 9.) They apparently were earnings or profits accumulated after February 28, 1913.

The amounts so paid were essentially equivalent to the distribution of the dividends which had been in arrears on the stock. To say that by issuing a piece of paper, evidencing the right to the dividend arrears, the amounts paid thereon were no longer paid as the equiv-

---

2. "§ 115. Distributions by corporations

\* \* \* \* \*

"(g) Redemption of stock.

"(1) In general. If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend." 26 U.S.C.A. § 115(g) (1).

alent of dividends in arrears, would be to exalt form over substance. The net effect of the distribution, rather than the motives of the taxpayer, is the fundamental question in determining whether the payment was essentially equivalent to a distribution of a taxable dividend. Flanagan v. Helvering, 1940, 73 App.D.C. 46, 116 F.2d 937. There was no indication in the present case that the corporation intended to conclude its business and dissolve. Rather, the indication was that it intended to pay the arrears on its stock in essentially the same manner as it would have done if the dividend arrears certificates had not been issued. Where the evidence indicates that there was no purpose to conclude the business of the corporation and to dissolve, the conclusion is justifiable that such distribution is a taxable dividend. Rheinstrom v. Conner, 6 Cir., 1942, 125 F.2d 790, certiorari denied 1942, 317 U.S. 654, 63 S.Ct. 49, 87 L.Ed. 526.

The motion of the plaintiffs for summary judgment is denied. The motion of defendant for summary judgment dismissing the complaint is granted. Submit judgment in accordance herewith. So ordered.