**In the Matter of Alan V. ROBERSON.**

**No. M–41–80.**

District of Columbia Court of Appeals.

Argued En Banc Jan. 26, 1981.

Decided April 2, 1981.

R. Kenneth Mundy, Washington, D. C., for respondent.

Charles L. Kent, Asst. Bar Counsel, with whom Fred Grabowsky, Bar Counsel, Washington, D. C., was on brief, for the Board of Professional Responsibility.

Before NEWMAN, Chief Judge, KELLY, KERN, NEBEKER, HARRIS, MACK,

FERREN and PRYOR, Associate Judges, and GALLAGHER,* Associate Judge, Retired.

## PER CURIAM:

On November 22, 1972, this court entered an Order of Suspension in the above-named matter pursuant to Rule XI, Section 15, of the Rules Governing the Bar of the District of Columbia. This order was based on respondent's conviction in the United States District Court for the District of Columbia on February 23, 1972, of conspiracy to sell narcotic drugs in violation of 26 U.S.C. § 4705(a) (1970) and conspiracy to receive and conceal narcotic drugs, knowing same to have been imported contrary to law, in violation of 21 U.S.C. § 174 (1970).[1] On May 11, 1977, formal disciplinary proceedings against respondent were commenced and an initial hearing was held on June 6, 1978.[2]

D.C.Code 1973, § 11–2503(a), provides in pertinent part:

> When a member of the bar of the District of Columbia Court of Appeals is convicted of an offense involving moral turpitude, ... the court shall, pending final determination of an appeal from the conviction, suspend the member of the bar from practice.... If a final judgment of conviction is certified to the court, the name of the member of the bar so convicted shall be struck ... and he shall thereafter cease to be a member....

■ This court established in *In re Colson*, D.C.App., 412 A.2d 1160 (1979) (en banc), that some offenses inherently involve moral turpitude. For such offenses it is not necessary to provide a hearing to consider the specifics of the conduct involved; the Board's determination of the nature of the conviction is sufficient. "[T]he statute is mandatory in its terms.... The threshold focus of the statute ... is on the *type* of crime committed rather than on the factual context surrounding the actual commission of the offense." *Id.* at 1164 (citations omitted; emphasis in original). If the specific crime has not been held by this court to involve moral turpitude, the crime will be considered by the Board on Professional Responsibility. However, once this court has "made a final determination that a crime involves moral turpitude, The Board must adhere to that ruling...." *Id.* at 1165. It is not necessary for the Board or this court to consider "the conduct which was outlined in the information.... [S]ince the crime ... is one which inherently involves moral turpitude, we are compelled, by virtue of the statute, to order his name stricken...." *Id.* at 1168.

■ This court has previously held that the crime of conspiracy to possess a controlled substance, with intent to distribute, is one inherently involving moral turpitude, *In re Gates*, D.C.App., (No. D–32–79, Nov. 7, 1979) (en banc), which we publish today as an Appendix hereto, citing *In re Colson*, *supra*. In *Gates*, the crime of conspiring to possess a controlled substance, with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1976), was confirmed to be one inherently involving moral turpitude by this court's acceptance of the Board's characterization of the offense after review of the judgment and the pertinent statute alone. As set out in *Colson*, a hearing is necessary only if a crime does not inherently involve moral turpitude. We see no significant difference between conspiracy to possess a controlled substance and conspiracy to possess narcotic drugs.

For the foregoing reasons, the respondent is disbarred from the practice of law in the District of Columbia and is prohibited from

---

* Judge Gallagher was an Associate Judge of the court at the time of argument. His status changed to Associate Judge, Retired, on February 27, 1981.

1. Title 26 U.S.C. § 4705(a), 68A Stat. 551 (1954), and 21 U.S.C. § 174, 70 Stat. 570 (1956), regulating narcotic drugs, were repealed by Congress and were replaced with 21 U.S.C. § 801 *et seq.* (1976 & Supp. II 1978) regulating controlled substances.

2. Disciplinary proceedings had been postponed by the Board pending respondent's release from confinement.

holding himself out to be an attorney at law licensed to practice here. The Clerk shall enter an appropriate order effecting the imposition of discipline.

*So Ordered.*

APPENDIX

DISTRICT OF COLUMBIA COURT
OF APPEALS

No. D–32–79

In the Matter of
GEORGE DANIEL GATES,
A Member of the Bar of the
District of Columbia Court
of Appeals

Filed November 7, 1979

Before NEWMAN, Chief Judge, and KELLY, KERN, GALLAGHER, NEBEKER, HARRIS, MACK, FERREN and PRYOR, Associate Judges.

ORDER

PER CURIAM.

On August 26, 1976, this Court entered an Order of Suspension in the above-named matter based upon Respondent's conviction in the United States District Court for the Southern District of Texas in Criminal Case # 76–B–103 of conspiring to possess, with intent to distribute and possessing a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The order also referred the matter to the Disciplinary Board (now the Board on Professional Responsibility) for the institution of formal proceedings pursuant to Rule XI of the Rules Governing the Bar of the District of Columbia. On July 26, 1979, the Board transmitted its report and recommendation, to-wit:

In view of the Court's decision *In the Matter of Charles W. Colson,* [D.C.App., 412 A.2d 1160] No. S–24–74/D–27–78 decided March 23, 1979, the Board, having reviewed the Judgment and Commitment Order and the pertinent statute, has determined that the crime of which the respondent was convicted did involve moral turpitude.

Based upon this finding, the Board recommended disbarment pursuant to D.C.Code 1973, § 11–2503(a). We agree with the Board's characterization of Respondent's offense. Accordingly, it is this 7th day of Nov., 1979

ORDERED, that Respondent, GEORGE DANIEL GATES, be and he hereby is, disbarred from the practice of law in the District of Columbia and is prohibited from holding himself out to be an attorney at law licensed to practice here, effective on December 7, 1979.

The Clerk shall cause a copy of this order to be transmitted by certified mail to the Respondent, thereby causing him to have notice of his disbarment and of the provisions of Sections 19 and 21 of Rule XI of the aforesaid Rules of this Court.

The Clerk is further directed to cause a copy of this order to be transmitted to the Chairman of the Board on Professional Responsibility.