In the Matter of Andrews B. CAMPBELL, Respondent, A Member of the Bar of the District of Columbia Court of Appeals.

No. 88–74.

District of Columbia Court of Appeals.

Argued Feb. 5, 1990.
Decided April 9, 1990.

Michael S. Frisch, Asst. Bar Counsel, with whom Thomas E. Flynn, Bar Counsel, Washington, D.C., was on the brief, for the Bd. on Professional Responsibility.

Robin E. Jacobsohn, with whom Robert S. Litt, Washington, D.C., was on the brief, for respondent.

Before ROGERS, Chief Judge, and STEADMAN and FARRELL, Associate Judges.

On Report and Recommendation of the Board on Professional Responsibility

PER CURIAM:

The District of Columbia Court of Appeals Board on Professional Responsibility ("Board") recommends disbarment of Andrews B. Campbell under the provisions of D.C.Code § 11–2503(a) (1989 Repl.). That section mandates disbarment for a "member of the bar of the District of Columbia Court of Appeals [who] is convicted of an offense involving moral turpitude." The Board concluded the respondent's conviction for unlawful possession, with the intent to distribute, of a controlled substance (marijuana) involved a crime of moral turpitude and ordered the statutory disbarment. Respondent contends that his due process rights were violated by the denial of an evidentiary hearing and that the offense for which he was convicted does not involve a crime of moral turpitude. Consistent with decisions that are binding on this division, *M.A.P. v. Ryan,* 285 A.2d 310 (D.C. 1971), we hold that respondent's due process rights were not violated, *In re Colson,* 412 A.2d 1160 (D.C.1979) (en banc), and that he was convicted of a crime of moral turpitude, *see In re Roberson,* 429 A.2d 530 (D.C.1981), and, therefore, must be disbarred.

I.

On November 5, 1987, Respondent Andrews B. Campbell was convicted in the United States District Court for the District of Maine of unlawful possession, with intent to distribute, of a controlled substance (8 lbs of marijuana), 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) (1982); 18 U.S.C. § 2 (1982), and of conspiracy to possess with intent to distribute, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) & 846; 18 U.S.C. § 2. He was sentenced to a term of imprisonment for one year. His conviction was affirmed on appeal. *United States v. Campbell,* 874 F.2d 838 (1st Cir.1989). Based on his conviction, respondent was disbarred by the Supreme Court of Maine. *See Board of Overseers v. Campbell,* Docket No. Bar–87–15 (Me.1989).

On February 18, 1988, the District of Columbia Court of Appeals, pursuant to D.C. Bar Rule XI, § 15(1) & (4), suspended respondent from the practice of law and directed the Board of Professional Responsibility to initiate formal proceedings "for the purpose of determining whether or not the crime involves moral turpitude within the meaning of D.C.Code § 11–2503(a)." The Board invited respondent and Bar Counsel to submit briefs on the issue of whether respondent's conviction involved a crime of moral turpitude. Bar Counsel submitted a brief as did respondent, who filed a *pro se* brief in addition to the brief submitted by his counsel.

The Board, viewing our prior decisions as dispositive, rejected respondent's argument that for purposes of assessing moral turpitude there is a meaningful distinction between cocaine, heroin and marijuana. It relied on *In re Roberson, supra,* 429 A.2d at 530 (unspecified narcotic drug); *In re Gates,* No. D–32–79 (D.C.App. Nov. 7, 1979) (heroin) (published at 532 as appendix to *In re Roberson* ), and *In re Davis,* No. M–92 (D.C.App. Nov. 18, 1981) (cocaine), in which the court concluded that a conviction for the crime of possession, with intent to distribute, of a controlled substance involved a crime of moral turpitude. The Board acknowledged that marijuana is listed by the Drug Enforcement Administration (DEA) as a Schedule I non-narcotic drug and carries a lesser penalty than do narcotic drugs such as cocaine or heroin, but reasoned that the difference in sentenc-

ing for narcotic and non-narcotic drugs is insignificant for purposes of assessing moral turpitude because marijuana distribution is still treated as a serious criminal offense.

## II

Respondent invites us to hold that our decision in *Colson, supra,* 412 A.2d at 1160, is violative of due process because there are circumstances under which possession with intent to distribute a controlled substance would not involve moral turpitude, and, hence, before an attorney's right to practice his or her profession can be withdrawn the attorney is entitled to an opportunity for an evidentiary hearing.[1] He maintains that the very nature of the determination of whether a crime is a crime of moral turpitude requires consideration of the circumstances of the offense in order to determine whether it involves actions that are base, vile, or "offend the generally accepted moral code." *Colson, supra,* 412 A.2d at 1168. Citing *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976), respondent argues that due process requires that he be granted a hearing to present evidence of the "circumstances surrounding his particular offense" so that the Board may consider any mitigating factors.

In *Colson, supra,* the court interpreted D.C.Code § 11–2503(a) (1973) (now § 11–2503(a) (1988 Repl.)), to require a threshold determination of whether the crime of which the attorney has been convicted involved moral turpitude, since the statute subjected an attorney to disbarment because of the conviction as distinct from the commission of an act involving moral turpitude. 412 A.2d at 1164. Consequently, although the statute, § 11–2503(a), "in effect makes such a hearing necessary" so that the attorney would have an opportunity to be heard, the determination that a conviction involved moral turpitude ended the inquiry. *Id.* This division is not free to overrule our decision in *Colson. M.A.P. v. Ryan, supra.*

The court has determined that respondent's conviction is a crime of moral turpitude *per se. Roberson, supra,* 429 A.2d at 531. Hence, "the need for the extensive hearing before the hearing committee and The Board was obviated...." *Colson, supra,* 412 A.2d at 1165.[2] Moreover, although Congress has treated distribution and, impliedly, possession of a small amount of marijuana with intent to distribute, for no remuneration, different for purposes of sentencing, *see* 21 U.S.C. §§ 841(b)(4) and 844, respondent was not sentenced under these provisions, but under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D).[3]

---

**1.** In *In re Colson, supra,* the en banc court defined moral turpitude for the purposes of disbarment under D.C.Code § 11–2503(a) (1989 Repl.) in three different ways:

 (1) The act denounced by the statute offends the generally accepted moral code of mankind;

 (2) The act is one of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men or to society in general, contrary to the accepted and customary rule of right and duty between man and man; or

 (3) Conduct contrary to justice, honesty, or to good morals.

412 A.2d at 1168.

**2.** Contrary to respondent's contention, our decision in *In re McConnell,* 502 A.2d 454 (D.C. 1985), does not indicate that the court is moving away from the *Colson* definition of a *per se* crime or moral turpitude, but rather that the particular offense of which McConnell had been convicted was not *per se* a crime of moral turpitude. McConnell was convicted of two felony counts of knowingly aiding and assisting his clients in submitting fraudulent and false federal tax returns in violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2. *In re McConnell, supra,* 502 A.2d at 454. The Board noted that "the essential elements of the crime of which [McConnell] was charged were 'knowingly' and 'wilfully' preparing a false and fraudulent income tax return for the purpose of defrauding the United States Government," rejecting his claim that he thought he was pleading guilty because he had helped his clients to misrepresent the source of their income. *Id.* at 459. So far as can be determined from the court's terse opinion, neither the court, the Board nor the Hearing Committee viewed such tax preparation offenses to be per se offenses involving moral turpitude. Exactly the contrary appears in our decisions involving conviction for possession, with intent to distribute, of a controlled substance.

**3.** While it is true that § 841(b)(1)(D) provides for a somewhat lesser penalty than some other drug offenses, it remains a serious crime, pun-

We express no opinion as to the effect sentencing under 21 U.S.C. § 841(b)(4) would have on the determination of moral turpitude.[4]

Accordingly, we order that respondent's name be, and it hereby is, stricken from the roll of the members of the bar of this court as of February 18, 1988, the date of his suspension from the bar of this court. D.C.App.R. XI, § 15(1) and (4).

*So ordered.*

ishable by five years' imprisonment and a fine of $250,000.

**4.** We note that Bar Counsel submitted for the record the recent decision by the Administrator of the Drug Enforcement Agency denying a peti-tion to redesignate marijuana as a Schedule II instead of a Schedule I controlled substance. *See Federal Register,* Vol. 54, No. 249 at 53767 (December 29, 1989).