**In re Stephen A. SHARP, Petitioner.**

Nos. 92–BG–1493, 93–BG–1374, 94–BG–227 and 94–BG–524.

District of Columbia Court of Appeals.

Submitted Aug. 3, 1995.
Decided March 28, 1996.

Stephen A. Sharp, pro se.

Leonard H. Becker, Bar Counsel, and Michael S. Frisch, Senior Assistant Bar Counsel, filed a brief for the Office of Bar Counsel.

Before SCHWELB and RUIZ, Associate Judges, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge:

Respondent, an attorney licensed to practice law in Virginia and the District of Columbia, was convicted in Virginia of a number of felonies, including, upon his plea of guilty, taking indecent liberties with a child by a person in custodial or supervisory relationship, in violation of VA.CODE ANN. § 18.2–370.1 (Michie 1988 Repl.).[1]

The Board on Professional Responsibility (the "Board") recommends that the court disbar respondent pursuant to D.C.Code § 11–2503(a) (1995 Repl.), which requires disbarment "[w]hen a member of the bar of the District of Columbia Court of Appeals is convicted of an offense involving moral turpitude...."

Respondent, in addition to arguing that his conviction under VA.CODE ANN. § 18.2–370.1 is not a crime involving moral turpitude *per se*, contends that disbarment [both in and of itself and/or pursuant to § 11–2503(a) ] violates the due process and double jeopardy clauses of the fifth amendment as well as the excessive fines clause of the eighth amendment. We find none of these arguments persuasive.

■ The procedures for determining moral turpitude under § 11–2503(a) satisfy due process requirements. *In re Colson*, 412 A.2d 1160, 1164–65 & n. 8, 1167–68 (D.C. 1979) (en banc); *In re McBride*, 602 A.2d 626, 629 & n. 4 (D.C.1992) (en banc) (upholding *Colson's* due process findings). *See also In re Campbell*, 572 A.2d 1059, 1061 (D.C. 1990) (a determination that conviction for a crime of moral turpitude obviates the need for extensive hearings).

■ Similarly, no substantive due process violations arise from disbarment pursuant to § 11–2503(a). Respondent, by virtue of his D.C. Bar membership, agreed to uphold and abide by the duties imposed by the D.C. Bar Rules, including the duty "at all times and in all conduct, both professional and personal, to conform to the standards imposed upon members of the Bar as conditions for the privilege to practice law." *See* D.C. Bar R. XI, § 2(a) (1995). Whereas an act can con-

stitute misconduct whether or not it occurred in the course of an attorney-client relationship, D.C. Bar R. XI, § 2(b), respondent's conviction represents misconduct deserving of disbarment.

■ Moreover, disbarment resulting from an attorney's conviction of a crime deemed to involve moral turpitude does not violate the constitutional proscription against double jeopardy. *Attorney Grievance Comm'n v. Andresen*, 281 Md. 152, 389 A.2d 159, 161 (1977); *In re Crooks*, 51 Cal.3d 1090, 275 Cal.Rptr. 420, 427, 800 P.2d 898, 905 (1990) (citing *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), for the premise that double jeopardy applies only in criminal proceedings). "[T]he traditional view of Anglo–American jurisprudence [is] that disbarment is intended not as punishment, but as protection to the public...." *Andresen, supra*, 389 A.2d at 161 (quoting *Maryland State Bar Ass'n v. Sugarman*, 273 Md. 306, 329 A.2d 1, 7 (1974), *cert. denied*, 420 U.S. 974, 95 S.Ct. 1397, 43 L.Ed.2d 654 (1975)).

■ Finally, respondent argues that the excessive fines clause is applicable to civil sanctions, relying upon *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (holding that drug-related forfeiture of property, "constituted payment to a sovereign as punishment for some offense and did not serve solely a remedial purpose"). Respondent failed to discuss the aforementioned in the text of his initial brief to the court, and raised it only in a footnote devoid of legal argument. Even if we were to consider his argument on the merits under these circumstances, disbarment does not involve the payment of cash by way of fines or taxes and is not punishment. *See In re Steele*, 630 A.2d 196, 200 (D.C.1993). Thus, respondent's contention fails.

■ Having disposed of respondent's constitutional concerns, we further conclude that the definition of a crime involving moral turpitude *per se, i.e.,* one that "offends the generally accepted moral code of mankind" and constitutes "[a]n act of baseness, vileness

---

1. The other convictions were for aggravated sexual battery in violation of VA CODE § 18.2–67.3 and two counts of crimes against nature in violation of VA.CODE § 18.2–361.

or depravity in the private and social duties which a man owes to his fellow men or to society in general, contrary to the accepted and customary rule of right and duty between man and man," *Colson, supra,* 412 A.2d at 1168 (internal citations omitted), was satisfied in this case by Mr. Sharp's conviction for sexually abusing someone over whom he exercised authority. For the reasons set forth in the Report and Recommendation of the Board,[2] a copy of which is attached to this opinion, we agree that respondent has been convicted of a crime involving moral turpitude.[3] Accordingly, respondent is hereby disbarred from the practice of law in the District of Columbia effective immediately. *See* D.C. Bar R. XI, § 14(f) (1995).

*So ordered.*

### ATTACHMENT

### DISTRICT OF COLUMBIA COURT OF APPEALS

### BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of

STEPHEN A. SHARP,

Respondent.

### Docket Nos. 238–92, *et al.*

*REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY*

Respondent is a member of the Bars of the District of Columbia and the State of Virginia. He is subject to multiple suspension orders in this jurisdiction due to his criminal convictions and to reciprocal discipline proceedings.

Respondent was suspended by Order of the Court of Appeals for the District of Columbia on January 7, 1993, pursuant to Rule XI, § 10(c) due to his conviction in Virginia of three felonies (aggravated sexual battery and two counts of crimes against nature) (Bar Docket No. 238–92). He was subsequently disciplined in Virginia and on November 1, 1993, was suspended by Order of the Court of Appeals for the District of Columbia pursuant to Rule XI, § 11(d) (Bar Docket No. 407–93). Respondent then pled guilty to another felony (taking indecent liberties with a child by a person in a custodial or supervisory relationship), which resulted in a second Virginia disciplinary action revoking his license to practice. On March 23, 1994, he was suspended by Order of the Court of Appeals for the District of Columbia pursuant to Rule XI, § 11(d) (Bar Docket 84–94). On May 16, 1994, he was suspended by Order of the Court of Appeals for the District of Columbia due to his second felony conviction in Virginia pursuant to Rule XI, § 10(c) (Bar Docket No. 208–94).

These matters are all before the Board for a determination whether any one of Respondent's convictions is a crime involving moral turpitude *per se* and whether reciprocal discipline should be imposed. Based on the following, the Board recommends that Respondent be disbarred pursuant to D.C.Code § 11–2503(a) for a conviction of moral turpitude—taking indecent liberties with a child by a person in a custodial or supervisory relationship.

*BACKGROUND*

On September 4, 1992, Respondent was convicted after jury trial of one count of aggravated sexual battery and two counts of crimes against nature.[1] He was sentenced to

---

**2.** Although the Board set forth two matters for determination in its Report and Recommendation ("whether any one of Respondent's convictions is a crime involving moral turpitude *per se,*" as well as whether reciprocal discipline should be imposed) (see the Board's Report and Recommendation), its discussion only addresses the former. In light of our decision to disbar respondent based wholly upon D.C. Law [§ 11–2503(a)], there is no need to consider reciprocal discipline, nor any of respondent's ancillary arguments related thereto.

**3.** In light of our disposition, we need not address the merits of Bar Counsel's apparent (and somewhat counter-intuitive) concession, *see* the Board's Report and Recommendation, *infra* at 903, that "neither aggravated sexual battery nor crimes against nature are [sic] crimes of moral turpitude *per se.*"

**1.** The statutes provide:
18.2–67.3 Aggravated sexual battery.
A. An accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness, and

a total five years in prison on the three charges with a court recommendation that he receive sex offender treatment. On October 20, 1992, Respondent pleaded guilty to one count of taking indecent liberties with a child by a person in custodial or supervisory relationship, in violation of Va.Code § 18.2–370.1.[2] Respondent was sentenced to five years in prison, with three years suspended, conditioned on good behavior, and 10 years of probation.

Following his first conviction, Respondent was disciplined by the Virginia State Bar Disciplinary Board ("Virginia Board") and his license to practice law in the Commonwealth of Virginia was revoked effective September 17, 1993. Respondent was not present, in person or through counsel, during this proceeding. Although the Virginia Board order does not specify and there is no written opinion, Bar Counsel was advised that the basis for the revocation was Respondent's conviction of aggravated sexual battery and two counts of crimes against nature.

Subsequently, the Virginia Board held a hearing on both Respondent's initial conviction as well as his plea to a violation of Va.Code § 18.2–370.1. Respondent was represented by counsel, and the Virginia Board received live testimony from a colleague at Respondent's former law firm. On January 7, 1994, the Virginia Board issued a written opinion regarding all of Respondent's convictions and revoked Respondent's license effective September 17, 1993. The Virginia Board concluded that it was immaterial that Respondent's criminal acts did not arise out of his practice of law.

Respondent appealed the decision of the Virginia Board. On September 30, 1994, the Supreme Court of Virginia issued an order

---

1. The complaining witness is less than thirteen years of age, or
2. The act is accomplished against the will of the complaining witness, by force, threat or intimidation, or through the use of the complaining witness's mental incapacity or physical helplessness, and
   a. The complaining witness is at least thirteen but less than fifteen years of age, or
   b. The accused causes serious bodily or mental injury to the complaining witness, or
   c. The accused uses or threatens to use a dangerous weapon.
B. Aggravated sexual battery is a felony punishable by confinement in a state correctional facility for a term of not less than one nor more than twenty years. Va.Code § 18.2–67.3 (1950).
§ 18.2–361. Crimes against nature.
If any person shall carnally know in any manner any brute animal, or carnally know any male or female person by the anus or by or with the mouth, or voluntarily submit to such carnal knowledge, he or she shall be guilty of a Class 6 felony, provided, that if a parent commits such an act with his or her child, and such child is at least thirteen but less than fifteen years of age at the time of the offense, such parent shall be guilty of a Class 3 felony. Va.Code § 18.2–361 (1950).

2. The statutes provide:

18.2–370.1 Taking indecent liberties with child by person in custodial or supervisory relationship.
Any person eighteen years of age or older who maintains a custodial or supervisory relationship over a child under the age of eighteen, including but not limited to the parent, step-parent, grandparent, step-grandparent, or stands in loco parentis with respect to such child and is not legally married to such child, and who, with lascivious intent, knowingly and intentionally (i) proposes that any such child feel or fondle the sexual or genital parts of such person or that such person feel or handle the sexual or genital parts of the child, or (ii) proposes to such child the performance of an act of sexual intercourse or any act constituting an offense under section 18.2–361, or (iii) exposes his or her sexual or genital parts to such child, or (iv) proposes that any such child exposes his or her sexual or genital parts to such person, or (v) proposes to the child that the child engage in sexual intercourse, sodomy or fondling of sexual or genital parts with another person, or (vi) sexually abuses the child as defined in section 18.2–67.10(6), shall be guilty of a Class 6 felony. Va.Code § 18.2–370.1 (1950).
18.2–67.10 General definitions
As used in this article . . .
6. "Sexual abuse" means an act committed with the intent to sexually molest, arouse, or gratify any person, where:
   a. The accused intentionally touches the complaining witness's intimate parts or clothing covering such intimate parts;
   b. The accused forces the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or clothing covering such intimate parts; or
   c. The accused forces another person to touch the complaining witness's intimate parts or clothing covering such intimate parts. Va. Code § 18.2–67.10 (1950).

affirming the judgment of the Virginia Board.

## DISCUSSION

Bar Counsel takes the position that neither aggravated sexual battery nor crimes against nature are crimes of moral turpitude *per se*.[3] Bar Counsel further asserts that the offense of taking indecent liberties with a child by a person in a custodial or supervisory relationship is a crime involving moral turpitude *per se*. Respondent argues that none of his convictions constitute a crime involving moral turpitude *per se*. He also challenges the constitutionality of the disciplinary system's process for determining the application of section 11–2503(a) upon a finding of moral turpitude *per se* without an evidentiary hearing on the facts. The Board concurs with Bar Counsel that the crime of taking indecent liberties with a child by a person in a custodial or supervisory relationship is an offense involving moral turpitude *per se* and recommends that Respondent be disbarred pursuant to D.C.Code § 11–2503(a).[4]

The legal standard for moral turpitude was set forth in *In re Colson*, 412 A.2d 1160 (D.C.1979) (en banc). The *Colson* court held a crime involves moral turpitude if "the act denounced by the statute offends the generally accepted moral code of mankind"; if it involves "baseness, vileness or depravity in the private and social duties which a man owes to his fellow men or to society in general, contrary to the accepted and customary rule of right and duty between man and man"; or, if the act is "contrary to justice, honesty, modesty, or good morals." (*Id.* at 1168).

Respondent challenges the concept of moral turpitude as imprecise and subjective. He argues further that the inquiry should be limited narrowly to an examination focused on protection of the public and the profession from dishonest or incompetent practice. While the Board agrees that the determination of whether a crime involves moral turpitude is not an exact science, we do not accept the notion that the disciplinary system's inquiry should be as narrowly focused as Respondent suggests. Under such an analysis, the Board would be required to hold an evidentiary hearing in order to determine, for example, that an attorney convicted of first-degree homicide had committed an offense involving moral turpitude. This result would be not only absurd, but would impose an unnecessary if not impossible burden on Bar Counsel and the entire disciplinary system to virtually retry every criminal conviction.

The standard of protection of the public is not viewed so narrowly as to exclude non practice-related misconduct. In fact, the Court has never applied such a stringent limitation. *See In re Wilkins*, 649 A.2d 557 (D.C.1994); *In re Shorter*, 570 A.2d 760 (D.C. 1990); *In re Wild*, 361 A.2d 182 (D.C.1976).

The Board does concur with Respondent that the categories of crime subject to a section 11–2503(a) determination should be narrowly drawn. The Board is satisfied, however, that the offense of taking indecent liberties with a child by a person in a custodial or supervisory relation offends even a narrowly defined generally accepted moral code, and that the offense is contrary to good morals. Commission of this offense, in the Board's view, casts grave doubt on a lawyer's basic character qualifications to practice law. A lawyer may be technically competent, with superior analytic, writing and oral advocacy skills while at the same time morally bankrupt.

The elements of Va.Code § 18.2–370.1 are similar to the elements of Va.Code § 18.2–370, taking indecent liberties with children.[5]

---

3. Brief of Bar Counsel, Bar Docket No. 238–92, January 21, 1993.

4. In light of this recommendation, the Board does not reach the issue of whether any of Respondent's other convictions constitute a crime of moral turpitude *per se*. Where there are multiple convictions, the Court need only find that one involves moral turpitude to disbar a respon-

dent under section 11–2503(a). *In re McGough*, 605 A.2d 605 (D.C.1992).

5. As Bar Counsel notes, Va.Code § 18.2–370 is essentially identical to Va.Code § 18.2–370.1 (other than the element of custodial or supervisory relationship), except that the former includes two additional provisions:

(5) Entice, allure, persuade, or invite any such child to enter any vehicle, room, house, or other

In *In re Moore*, M–73 (81) (D.C. Nov. 18, 1981) (*en banc*), the Board found that the "crimes proscribed by this statute necessarily involve moral turpitude *per se*" and recommended disbarment. The Court held that the violation of Va.Code § 18.2–370 inherently involves moral turpitude. The essential similarity of the two statutes, with the additional requirement in section 18.2–370.1 of a custodial or supervisory relationship, dictates that section 18.2–370.1 likewise involves moral turpitude *per se*. Bar Counsel further asserts, and the Board concurs, that this offense can be distinguished from the crimes involved in the two cases cited by Respondent in support of his argument that an evidentiary hearing is required in this matter. In *In re Lovendusky*, No. 84–1672 (D.C. April 4, 1986), the attorney entered a plea to attempted carnal knowledge in violation of D.C.Code §§ 22–103, 2801. The Court agreed with the Board that this sexual offense did not involve moral turpitude *per se* because the statutory elements of the offense permitted conviction without proof that the respondent knew or should have known that the other party was under age and therefore could not legally consent to sexual relations. Likewise, in *In re Trager*, Bar Docket No. 230–88 (BPR June 6, 1989), the Board concluded that the Delaware offense of sexual assault (Delaware Criminal Code § 761) did not require proof that the defendant knew, or should have known, that the victim was under 16 years of age.

The added requirement in Va.Code § 18.2–370.1 of a custodial or supervisory relationship satisfies the missing element of knowledge, either actual or constructive, of the victim's age. A person in a custodial or supervisory relationship by virtue of the rela- tionship, either will know or should know the age of the minor. Contrary to Respondent's suggestion of the overbreadth of this type of relationship, the statute expressly states that it includes "the parent, step-parent, grandparent, step-grandparent or [person who] stands in loco parentis with respect to such child ..." [6]

The question of whether a defendant maintained a custodial or supervisory relationship over the victim is a factual question to be determined by the trier of fact. Respondent's plea to this offense necessarily includes an admission of this element. He may not now, in the disciplinary system, challenge the nature of his relationship to the victim. Respondent must deal with the logical consequences of his prior admission.

*CONCLUSION*

Respondent's offense involves moral turpitude *per se*. Accordingly, the Board recommends that the Court disbar Respondent pursuant to D.C.Code § 11–2503(a).

BOARD OF PROFESSIONAL RESPONSIBILITY

By: /s/ Karen Kay Christensen
Karen Kay Christensen
Vice–Chair

Dated: December 1, 1994

All members of the Board concur in this Report and Recommendation except Mr. Banks, who is recused.

---

place, for any of the purposes set forth in the preceding subdivisions of this section; or

(6) Receive money, property, or any other remuneration for allowing, encouraging, or enticing any person under the age of eighteen years to perform in or be a subject of sexually explicit visual material as defined in § 18.2–374.1 or who knowingly encourages such person to perform in or be a subject of sexually explicit material; shall be guilty of a Class 6 felony. Va.Code § 18.2–370 (1950).

**6.** The Virginia jury instructions (Instruction No. 30.320) for a related offense (Indecent Exposure with Lascivious Intent to Children by Person in Custodial or Supervisory Relationship) state the elements that the Commonwealth must prove beyond a reasonable doubt, including:

(4) That the defendant at the time maintained a custodial or supervisory relationship as [parent; step-parent; one charged with a parent's rights, duties and responsibilities as to such child; grandparent; step-grandparent].