In re William W. BATEMAN,
Respondent.

A Member of the Bar of the District
of Columbia Court of Appeals.

No. 95–BG–456.

District of Columbia Court of Appeals.

Submitted Sept. 10, 1996.

Decided Aug. 14, 1997.

William W. Bateman, pro se.

Leonard H. Becker, Bar Counsel, and Michael S. Frisch, Senior Assistant Bar Counsel, filed a brief before the Board on Professional Responsibility.

Before FERREN, TERRY, and REID, Associate Judges.

TERRY, Associate Judge:

Respondent Bateman, a member of our bar, pleaded guilty in the United States District Court for the District of Maryland to a charge of conspiracy to possess cocaine on board a vessel, with intent to distribute it, in violation of 21 U.S.C. § 955c (1994).[1] The Board on Professional Responsibility ("the Board") concluded that this offense was a crime of moral turpitude *per se*. We agree and order Mr. Bateman disbarred under D.C.Code § 11–2503(a) (1995).

Although Mr. Bateman pleaded guilty in 1986 and was sentenced in 1991, neither this court nor the Board learned of the conviction until April 1995, when Bateman wrote a letter to the Board reporting the conviction and describing his cooperation with the government in several other cases between the time of the plea and the sentence. According to the letter, he did not practice law after his plea, but he did maintain his bar membership in order to facilitate his efforts as an undercover agent for the government. This court entered an order on May 5, 1995, suspending Mr. Bateman from the practice of law, pending a final decision on the disciplinary sanction to be imposed.

D.C.Code § 11–2503(a) mandates the disbarment of any attorney who is "convicted of an offense involving moral turpitude." This court, in a series of cases beginning with *In re Colson*, 412 A.2d 1160 (D.C.1979) (en banc), has drawn a distinction

> between offenses which manifestly involve moral turpitude by virtue of their underlying elements, and those which do not. . . . The Board, therefore, must make an initial determination as to whether the attorney's crime inherently involves moral turpitude. If the Board decides that it does, that is the end of the inquiry. The Board must recommend disbarment.

*Id.* at 1164.[2] That is what happened here. The Board has concluded, after examining

---

1. 21 U.S.C. § 955a(b) provides:

    It is unlawful for a citizen of the United States on board any vessel to knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance.

   If the substance is a schedule I or II controlled substance (cocaine is in schedule II), the maximum prison term is fifteen years.

   21 U.S.C. § 955c makes it a crime, with the same maximum penalty, for anyone to conspire to commit any offense described in section 955a.

2. In a more recent case, *In re McBride*, 602 A.2d 626, 632 (D.C.1992) (en banc), we softened the impact of *Colson* by holding that a conviction of a misdemeanor—unlike a felony—could not be deemed to involve moral turpitude *per se*. Since

the statutory elements, that the crime of which Mr. Bateman was convicted inherently involves moral turpitude. We agree.

This court has consistently held that possession of a controlled substance with intent to distribute it is a crime of moral turpitude *per se*. *E.g., In re Mendes*, 598 A.2d 168 (D.C.1991); *In re Campbell*, 572 A.2d 1059, 1061 (D.C.1990). We have also held that conspiracy to commit an offense involving moral turpitude is itself an offense involving moral turpitude. *In re Meisnere*, 471 A.2d 269 (D.C.1984). Indeed, in two cases very similar to this one, we have found moral turpitude *per se* in convictions of conspiracy to sell narcotic drugs, *In re Roberson*, 429 A.2d 530, 531 (D.C.1981) (en banc), and conspiracy to possess a narcotic drug with intent to distribute it, *In re Gates*, No. D–32–79 (D.C.1979) (published as an appendix to *In re Roberson*, 429 A.2d at 532).

These cases are dispositive here. The crime of which Mr. Bateman was convicted contains the same elements as the crimes in *In re Gates* and *In re Campbell*, plus the additional element that it must occur on board a vessel. Because Gates' and Campbell's offenses involved moral turpitude *per se*, it follows that Bateman's offense does also. He must therefore be disbarred under D.C.Code § 11–2503(a).

From the limited record before us, we cannot tell whether Mr. Bateman has filed the affidavit required of suspended or disbarred attorneys by D.C. Bar Rule XI, § 14(g). At the time the Board issued its report, he had not yet done so. The Board urged him to file the affidavit "expeditiously" and suggested that, if he did, it might be treated as having been filed *nunc pro tunc* as of May 5, 1995, the date of his interim suspension. The record is silent as to whether he complied with that suggestion, and neither Mr. Bateman nor Bar Counsel has filed anything with the court to indicate that he has or has not done so.

It is therefore ORDERED that respondent, William W. Bateman, is disbarred from the practice of law in the District of Columbia under D.C.Code § 11–2503(a), effective

immediately. However, if he has already filed the affidavit required by Rule XI, § 14(g) before the issuance of this opinion, then the effective date of his disbarment shall be retroactive to the date of its filing, *nunc pro tunc.*

Mr. Bateman was convicted of a felony, however,    *McBride* is of no benefit to him.