In re Frank VALENTIN, Respondent.

**A member of the Bar of the District of Columbia Court of Appeals.**

**No. 97–BG–755.**

District of Columbia Court of Appeals.

Submitted April 9, 1998.

Decided May 7, 1998.

Before STEADMAN and REID, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility (the "Board") has recommended that respondent, Frank Valentin, be disbarred from the practice of law, based upon his felony conviction in the Supreme Court of Bronx County, New York, for the criminal sale of a controlled substance (cocaine) in the third degree, in violation of N.Y. Penal Law § 220.39(1). The Board concluded that this offense was a crime of moral turpitude *per se* requiring disbarment, pursuant to D.C.Code § 11–2503(a) (1995). We adopt the Board's recommendation and order respondent disbarred.

Upon receipt of a certificate of respondent's conviction, and notification of his disbarments in other jurisdictions,[1] this court suspended respondent from the practice of law in the District of Columbia, pursuant to D.C. Bar R. XI, §§ 10(c) and 11(d), pending final resolution of the proceedings against him. We directed the Board to determine whether respondent engaged in a crime of moral turpitude within the meaning of D.C.Code § 11–2503(a), or whether recipro-

---

1. Based upon his criminal conviction, respondent was disbarred from the practice of law by the Supreme Court of New York, and the Supreme Court of New Jersey on August 4, 1994, and February 21, 1997, respectively.

cal discipline should be imposed. The Board has concluded that respondent's felony conviction warrants statutory disbarment under D.C.Code § 11–2503(a), which requires disbarment of any attorney convicted of a crime of moral turpitude. This conclusion is consistent with our previous holdings that a crime involving the possession with intent to distribute a controlled substance (cocaine) is a crime of moral turpitude *per se*. *See, e.g., In re Bateman*, 699 A.2d 403 (D.C.1997) (conspiracy to possess cocaine with intent to distribute); *In re Hawkins*, 685 A.2d 753 (D.C. 1996) (possession with intent to distribute cocaine); *In re Mendes*, 598 A.2d 168 (D.C. 1991) (possession with intent to distribute cocaine). Since possession with intent to distribute a controlled substance is a crime of moral turpitude, *a fortiori* respondent's crime of actual distribution of the substance falls within the same category.

The respondent has not filed any exceptions to the Board's recommendation, *see* D.C. Bar R. XI, § 9(e), nor has he filed an affidavit in compliance with Rule XI, § 14(g). "In cases such as this, where an attorney has failed to carry out his or her responsibilities under [§ 14(g)], we have imposed disciplinary sanctions prospectively, rather than retroactively." *In re Slater*, 627 A.2d 508, 509 (D.C.1993) (citation omitted).

Accordingly, it is ORDERED that respondent, Frank Valentin, be disbarred from the practice of law in the District of Columbia, pursuant to D.C.Code § 11–2305(a),[2] effective as of the date of this order. Pursuant to D.C. Bar R. XI, § 16(c), respondent shall not be eligible for reinstatement until at least five years have elapsed since respondent's full compliance with § 14, including the filing of the affidavit required by § 14(g).

*So ordered.*

---

**2.** The imposition of statutory disbarment makes it unnecessary to consider reciprocal discipline.

*See, e.g., In re Sharp*, 674 A.2d 899, 901 n. 2 (D.C.1995).