### In re Cary D. DECHOWITZ, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–644.**

District of Columbia Court of Appeals.

Submitted Nov. 30, 1999.

Decided Dec. 23, 1999.

Before SCHWELB and FARRELL, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM:

On May 15, 1998, this court entered an order suspending respondent Cary D. Dechowitz from the practice of law in the District of Columbia following his suspension by the Court of Appeals of Maryland. Because respondent's suspension in Maryland was based on a criminal conviction on a charge of possession with the intent to distribute marijuana, the Board on Professional Responsibility recommends that he be disbarred *nunc pro tunc* to March 18, 1998, when he was originally suspended in Maryland. Respondent has not filed a brief addressing moral turpitude or the final discipline to be imposed.

Once the court has determined that a particular crime of which a respondent stands convicted involves moral turpitude, the Board must recommend disbarment. *In re Colson,* 412 A.2d 1160, 1165 (D.C.1979) (en banc). We have consistently held that possession of a controlled substance with the intent to distribute involves moral turpitude *per se,* requiring disbarment pursuant to D.C.Code § 11–2503(a). *See, e.g., In re Campbell,* 572 A.2d 1059 (D.C.1990). Disbarment is therefore mandated by § 11–2503(a).

Accordingly, respondent is disbarred, effective *nunc pro tunc* to May 15, 1998, the date of his interim suspension by this court.[1] The reciprocal matter, which is based on his suspension by the Maryland court, is dismissed as moot.[2]

*So ordered.*

---

1. We note that after making a timely request for an additional ten days within which to file the required affidavit pursuant to D.C. Bar R. XI, § 14(g), respondent filed the affidavit within the requested time. We, therefore, deem the affidavit timely filed. *See In re Mulkeen,* 606 A.2d 136 (D.C.1992).

2. Because we are not imposing reciprocal discipline, we do not accept the Board's recommendation that the effective date of the disbarment conform with the date of his original suspension in Maryland.