**In re Francisco A. LAGUNA, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 97–BG–1454.**

District of Columbia Court of Appeals.

Submitted April 11, 2000.

Decided April 27, 2000.

Before TERRY and STEADMAN, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility ("Board") recommends that respondent Francisco A. Laguna be disbarred as the result of his conviction of two crimes involving moral turpitude within the meaning of D.C.Code § 11–2503(a) (1995). On April 20, 1995, respondent pled guilty to conspiracy to import cocaine, 21 U.S.C. §§ 952 and 963(a), and obstruction of justice, 18 U.S.C. § 1503. Respondent concedes, and we agree, that these crimes involved moral turpitude *per se. See In re Dechowitz,* 741 A.2d 1061, 1061 (D.C.1999) (possession with intent to distribute is a crime of moral turpitude *per se* ); *In re Colson,* 412 A.2d 1160, 1165 (D.C.1979) (en banc) (obstruction of justice is a crime of moral turpitude *per se* ).

The Board and Bar Counsel also recommend that, in light of the exceptional circumstances in this case, respondent's disbarment be *nunc pro tunc* to the date of his guilty plea, rather than to the date of his initial suspension here on September 22, 1997 pursuant to D.C. Bar R. XI, § 10(c). That rule provides that, upon the filing of a certified copy of the record or docket entry demonstrating that an attorney has pled guilty to a serious crime, the court shall enter an order immediately suspending that attorney. Rule XI, § 10(a)

---

requires that the attorney in question, within ten days of the plea, file such a certified copy of the court record.

Following his suspension, respondent filed a lengthy affidavit stating that since his arrest on April 13, 1995, he has been either incarcerated or under the custody of the United States Marshals Service and has been enrolled in the Federal Witness Protection Program and that since his arrest he has not practiced law or counseled any clients in the District of Columbia or any other state or federal jurisdiction. Senior Assistant Bar Counsel further advises that he has investigated the situation and determined that all proceedings, including those related to respondent's guilty plea, were placed under seal until the trial began and that no certified copy of respondent's guilty plea was available until he testified (which was apparently over two years later). The Board's report to us states that respondent became a cooperating government witness and testified in the criminal trial against other defendants. Indeed, it appears that a formal judgment of conviction was not entered against respondent until July 12, 1999. We assume from Bar Counsel's recommendation that that office is satisfied that respondent should not be deemed to have breached any obligation imposed upon him by Rules XI, § 10(a) or § 14, either as to substance or timing, and that respondent has met the further requirements for retroactive treatment imposed by *In re Goldberg*, 460 A.2d 982, 985–86 (D.C.1983).

Accordingly, it is ORDERED that respondent Francisco A. Laguna be, and he hereby is, disbarred from the practice of law in the District of Columbia *nunc pro tunc* to April 20, 1995.

*So ordered.*