**In re Philip L.K. LEE, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 97–BG–195.**

District of Columbia Court of Appeals.

Argued April 4, 2000.

Decided July 13, 2000.

Marion E. Baurley, Washington, DC, for respondent.

Michael S. Frisch, Senior Assistant Bar Counsel, with whom Leonard H. Becker, Bar Counsel at the time the brief was filed, was on the brief, for the Office of Bar Counsel.

Before TERRY, STEADMAN and RUIZ, Associate Judges.

PER CURIAM:

The Board on Professional Responsibility ("Board") recommends that Philip L.K. Lee be disbarred from the practice of law in the District of Columbia as a result of his conviction for conspiring to engage in a monetary transaction in property believed to be derived from illegal drug trafficking, 18 U.S.C. §§ 1956(h), 1957 (1994). The Board contends that this crime on its facts involved moral turpitude within the meaning of D.C.Code § 11–2503(a) (1995). Respondent asserts that it did not involve moral turpitude and that suspension is a more appropriate sanction.

In May 1995, respondent accepted $30,000 from the purported agent of a South American drug cartel seeking to launder money. He forwarded checks to the same person on six occasions between August 1995 and February 1996. In fact, unbeknownst to respondent, the purported agent was an FBI cooperating witness. On August 8, 1996, respondent pled guilty in United States District Court for the Northern District of Georgia to violating 18 U.S.C. § 1956(h), the conspiracy provision of the federal money laundering statute. He was sentenced to 15 months imprisonment, three years supervised release, 200 hours community service, and $22,400 restitution.

Respondent's conviction was brought to the attention of this court, and we referred the matter to the Board to determine whether respondent's crime involved moral turpitude.[1] Relying on an earlier decision, *In re Denker*, Bar Dkt. No. 482–95 (B.P.R.Rep. July 24, 1996), the Board concluded that money laundering was not a crime of moral turpitude *per se* and so referred the matter to a Hearing Committee to determine whether it was a crime of moral turpitude under the facts and circumstances of the case. *See In re Colson*, 412 A.2d 1160, 1167 (D.C.1979) (en banc) (providing for a hearing where the crime does not involve moral turpitude *per se* ).

Based on its factual findings, the Hearing Committee concluded, and the Board agreed, that respondent's crime was one of moral turpitude. In reaching this conclusion, both bodies relied predominantly on previous disciplinary actions in which attorneys were disbarred after being convicted of crimes involving drug trafficking. The Board reasoned that money laundering is "an integral part of the stream of commerce in illegal drugs."[2]

1. In the same order, we forthwith suspended respondent pursuant to D.C. Bar R. XI, § 10(c). On May 26, 1998, respondent filed the requisite affidavit under § 14(g).

2. The Board also concluded that respondent's conduct violated Rule 8.4(b) of the D.C. Rules of Professional Conduct, which provides that it is professional misconduct for a lawyer to "[c]ommit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects."

██ We adopt the Board's recommendation. *See In re Regent*, 741 A.2d 40, 42 (D.C.1999) ("the Court shall ... adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise would be unwarranted") (quoting D.C. Bar R. XI, § 9(g) (1998)). Historically, this court has consistently disbarred attorneys involved with drug trafficking. Possession of a controlled substance with intent to distribute is a crime of moral turpitude *per se*, mandating disbarment. *See In re Dechowitz*, 741 A.2d 1061, 1061 (D.C.1999); *In re Campbell*, 572 A.2d 1059, 1060–61 (D.C. 1990); *In re Roberson*, 429 A.2d 530, 531 (D.C.1981) (en banc). Further, where drug trafficking is involved, even an attorney who has never actually possessed the drugs may be disbarred. *See In re Robbins*, 678 A.2d 37 (D.C.1996) (use of a telephone in attempting to possess cocaine with intent to distribute).[3]

It is true that, unlike the attorneys in the aforementioned cases, respondent's involvement in the drug trafficking scheme was less direct and would not have required him to be involved in the possession or distribution of any controlled substance. Nonetheless, we agree with the Board that drug trafficking, especially on the large scale suggested by the purported agent in this case, is sufficiently egregious that respondent's knowing and willing involvement in it, albeit only in integral financial aspects, evidences moral turpitude. *Cf. Office of Disciplinary Counsel v. Williams*, 66 Ohio St.3d 71, 609 N.E.2d 149, 150 (1993) ("Williams knowingly conspired to launder what he thought to be profits from illegal drug sales. Such conduct speaks for itself. Disbarment is the only appropriate sanction.").

██ Finally, we reject respondent's contention that there is not substantial evidence to support the Board's finding that he knew the alleged source of the money. *See Regent, supra,* 741 A.2d at 42 ("the Court shall accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record"). Respondent pled guilty to an information which specifically asserted that he believed the money to be derived from unlawful drug activity. He expressly stated in his plea proceeding that he knew the money was alleged drug proceeds. Moreover, after viewing an FBI videotape of the May 1995 meeting at which respondent received the $30,000, the Board "emphatically" agreed with the Hearing Committee that respondent's testimony that he had not been paying attention at the meeting when the source of the money was mentioned was not credible.[4]

Accordingly, it is ORDERED that respondent Philip L.K. Lee be, and he hereby is, disbarred from the practice of law in the District of Columbia, *nunc pro tunc* to May 26, 1998. *See supra* note 1.

---

**3.** In *Robbins, supra,* as in the instant case, the Board concluded that the crime was not one of moral turpitude *per se* but was on the facts. 678 A.2d at 38. This court did not specifically address the *per se* issue in *Robbins,* and there is similarly no need to do so here.

**4.** Respondent also contends there was not substantial evidence to support the Board's finding that he intended to profit from the transaction by re-loaning the money at a higher interest rate. The record is somewhat unclear on this issue, but we need not decide it conclusively since it is not determinative of the result.