In re Ali D. JAFROODI, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

Nos. 07–BG–89, 07–BG–90.

District of Columbia Court of Appeals.

Submitted May 22, 2008.
Decided May 22, 2008.

Before REID and FISHER, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

On September 30, 1999, the respondent, Ali D. Jafroodi,[1] entered a guilty plea in the State of Florida and was convicted of a third-degree felony for unlawful distribution of a controlled substance. In addition, respondent has been the subject of three separate disciplinary orders issued by the Supreme Court of Florida, two of them stemming from his criminal conduct and one based on practicing law while suspended in the earlier disciplinary cases. Respondent failed to report his conviction or any of the disciplinary actions to this court. Once the conviction and the disciplinary matters were brought to our attention by Bar Counsel, we temporarily suspended respondent from the practice of law in separate orders issued on March 13 and March 14, 2007. See D.C. Bar Rule XI, §§ 10(b) and 11(d).

D.C.Code § 11–2503(a) (2001) requires that we disbar a member of our bar whose conviction of a crime of moral turpitude has become final. See In re Colson, 412 A.2d 1160 (D.C.1979) (en banc). As the Board on Professional Responsibility correctly notes in its report and recommendation, this court has consistently held that crimes involving the distribution of a controlled substance or the possession of a controlled substance with the intent to distribute involve moral turpitude. See, e.g., In re Lee, 755 A.2d 1034, 1036 (D.C.2000) ("Possession of a controlled substance with intent to distribute is a crime of moral turpitude per se, mandating disbarment."); In re Valentin, 710 A.2d 879 (D.C.1998) (distribution of a controlled substance is a crime of moral turpitude per se ). The Board therefore recommends that we disbar respondent and dismiss the pending reciprocal disciplinary matter as moot.[2] Respondent has not filed any exception or otherwise participated in these proceedings.[3] Bar Counsel did not file any exceptions to the Board's recommendation.

---

1. Respondent is a member of the Bar of the State of Florida and has been a member of the Bar of this court since 1992. However, he has been administratively suspended by the District of Columbia Bar since November 30, 1994, based upon his failure to pay bar dues.

2. In re Patterson, 833 A.2d 493 (D.C.2003).

3. Several notices of these proceedings were mailed to the addresses on record with the District of Columbia and the Florida Bars, but they were returned as undeliverable. In light of these repeated attempts to serve respon-

Accordingly, it is

ORDERED that the respondent, Ali D. Jafroodi, be and hereby is disbarred from the practice of law in the District of Columbia. Respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), and we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c). It is

FURTHER ORDERED that the reciprocal disciplinary case (07–BG–89) is hereby dismissed as moot.

*So ordered.*

---

dent and his failure to inform the District of Columbia Bar of his new address as required by D.C. Bar R. II, § 2(1), we deem respondent to have sufficient notice of the proceedings. *See In re Powell,* 860 A.2d 836, 837 (D.C.2004).