**In re Robert A. HUFF, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 454716).**

**No. 12–BG–722.**

District of Columbia Court of Appeals.

Submitted July 11, 2013.

Decided July 11, 2013.

Before FISHER, Associate Judge, and SCHWELB and FARRELL, Senior Judges.

PER CURIAM:

On December 14, 2009, in the United States District Court for the Eastern District of Wisconsin, respondent Robert A. Huff was convicted of one count of conspiracy to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and 18 U.S.C. § 2. Bar Counsel filed a certified copy of the judgment on May 25, 2012, and, on June 26, 2012, we suspended respondent from the practice of law pending resolution of this matter.

We also directed the Board on Professional Responsibility to institute a formal proceeding to determine whether the offense involves moral turpitude within the meaning of D.C.Code § 11–2503(a) (2001). The Board reports that the crime involves moral turpitude *per se* and that "disbarment is mandatory under D.C.Code § 11–2503(a)." Respondent has not opposed this recommendation.

This court previously has disbarred an attorney who was convicted of violating 21 U.S.C. §§ 841 and 846, and 18 U.S.C. § 2, but our discussion of moral turpitude *per se* focused on the offense of possession with intent to distribute, rather than conspiracy. *In re Campbell,* 572 A.2d 1059, 1060 (D.C.1990) (attorney convicted of possession with intent to distribute marijuana and conspiracy to possess with intent to distribute). Nevertheless, we have held that conspiracy to sell or distribute drugs, in violation of similar statutes, involves moral turpitude *per se. See In re Roberson,* 429 A.2d 530, 531 (D.C.1981) (en banc) (conspiracy to sell narcotic drugs in violation of 26 U.S.C. § 4705(a) (1970)). Moreover, "this court has consistently held that crimes involving the distribution of a controlled substance or the possession of a controlled substance with the intent to distribute involve moral turpitude[,]" *In re Jafroodi,* 948 A.2d 1178, 1178 (D.C.2008) (unlawful distribution of a controlled substance in violation of Florida law); *see In re Valentin,* 710 A.2d 879, 879 (D.C.1998) (criminal sale of cocaine in violation of New York law), and "conspiracy to commit an offense involving moral turpitude is itself an offense involving moral turpitude." *In re Bateman,* 699 A.2d 403, 404 (D.C. 1997); *accord, In re Lobar,* 632 A.2d 110, 111 (D.C.1993). Accordingly, it is

ORDERED that Robert A. Huff is disbarred from the practice of law in the District of Columbia, effective immediately. For the purposes of reinstatement, respondent's disbarment shall run from the date that he files an affidavit that fully complies with D.C. Bar R. XI, § 14(g).

*So ordered.*