*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 17-BG-881

IN RE MICAH JARED SMITH, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 1002861)

On Report and Recommendation
of the Board on Professional Responsibility
(DDN 201-17)

(Decided December 6, 2018)

Before FISHER and MCLEESE, *Associate Judges*, and Nebeker, *Senior Judge*.

PER CURIAM: In this case, the Board on Professional Responsibility has recommended that respondent Micah Jared Smith be disbarred from the practice of law after he was convicted in the state of Delaware of one count of Continuous Abuse of a Child,[1] one count of Sex Abuse of a Child by a Person in a Position of Trust,[2] and three counts of Unlawful Sexual Contact in the First Degree,[3] urging

---

[1] Del. Code § 11-776.

[2] Del. Code § 11-778A.

[3] Del. Code § 11-769.

that at least one of these convictions is a crime of moral turpitude *per se*. Neither respondent nor Disciplinary Counsel filed any exceptions to the Board's report. However, in response to a previously imposed suspension pursuant to D.C. Bar R. XI, § 10 (c), respondent filed his D.C. Bar R. XI, § 14 (g) affidavit on November 17, 2017.[4]

Under D.C. Bar R. XI, § 9 (h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). While we have never decided whether violations of these specific statutes are crimes of moral turpitude *per se*, we have held that convictions under other child sex abuse statutes, especially where the respondent exercised authority or a trust relationship, are crimes of moral turpitude *per se*. *See In re Sharp*, 647 A.2d 899 (D.C. 1996) (finding a conviction of child molestation under Va. Code Ann. § 18.2-370.1 (1950) was a crime involving moral turpitude *per se*); *In re Wortzel*, 698 A.2d 429 (D.C. 1997) (relying on *In re Sharp*

---

[4] This matter was stayed while respondent appealed his convictions. His convictions were affirmed on May 29, 2018.

held a conviction for child abuse under Md. Code Ann. art. 27 § 35C constituted a crime involving moral turpitude *per se*). In this case, respondent's convictions on one count of Continuous Abuse of a Child and one count of Sex Abuse of a Child by a Person in a Position of Trust were based on his instances of sex abuse of a relative who was a minor and over whom respondent exerted control and authority; therefore, these convictions, at a minimum, constitute crimes involving moral turpitude *per se*. Therefore, having found respondent committed crimes of moral turpitude *per se*, the required sanction is to disbar him from the practice of law. *See In re Colson*, 412 A.2d 1160, 1165 (D.C. 1979) (en banc); D.C. Code § 11-2503 (2012 Repl.).

Accordingly, it is

ORDERED that Micah Jared Smith is hereby disbarred from the practice of law, *nunc pro tunc* to November 17, 2017.

*So ordered.*