*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 18-BG-522

IN RE DAN HAENDEL, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals

(Bar Registration No. 287326)

On Report and Recommendation

of the Board on Professional Responsibility

(DDN 67-18)

(Decided January 3, 2019)

Before THOMPSON and EASTERLY, *Associate Judges*, and Farrell, *Senior Judge*.

PER CURIAM:    In this case, the Board on Professional Responsibility has recommended that respondent Dan Haendel be disbarred from the practice of law after he entered an *Alford*[1] plea in the state of Virginia to committing one count of

---

[1]  *North Carolina v. Alford*, 400 U.S. 25(1970).

Taking Indecent Liberties with a Child,[2] and one count of Use of Communications Systems to Facilitate Certain Offenses Involving Children.[3] Neither respondent nor Disciplinary Counsel filed any exceptions to the Board's report.

Under D.C. Bar R. XI, § 9 (h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). We previously held that a violation of the 1981 version of Va. Code. § 18.2-370 constituted a crime of moral turpitude *per se*.[4] We have reviewed the changes reflected in the current version of the statute, and these changes do not alter our decision that violations of this statute constitute crimes of moral turpitude. Therefore, having found respondent committed at least one crime of moral turpitude *per se*, we impose the required sanction: we disbar him from the

---

[2] Va. Code § 18.2-370.

[3] Va. Code § 18.2-374.3.

[4] *In re Sharp*, 647 A.2d 899, 903-904 (D.C. 1996).

practice of law. *See In re Colson*, 412 A.2d 1160, 1165 (D.C. 1979) (en banc); D.C. Code § 11-2503 (2013 Repl.).

Accordingly, it is

ORDERED that Dan Haendel is hereby disbarred from the practice of law. For purposes of reinstatement the period of respondent's disbarment will not begin to run until such time as he files a D.C. Bar R. XI, § 14 (g) affidavit.

*So ordered.*