COX v. HELVERING, Commissioner of Internal Revenue.

No. 6124.

Court of Appeals of the District of Columbia.

Argued May 9, 1934.

Decided June 4, 1934.

Marion Butler, of Washington, D. C., for petitioner.

E. Barrett Prettyman, Wilford H. Payne, Sewall Key, J. Louis Monarch, Frank J. Wideman, and F. A. Le Sourd, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

In 1922 petitioner organized the Asheboro Ice & Coal Company, a North Carolina corporation. Petitioner was the principal stockholder, and built up the business of the company until in 1928 it was bought by Community Ice & Utilities Company, a corporation with its principal place of business at Greensboro, N. C. After the contract of sale, but before its consummation, Community Company refused to carry out the purchase unless petitioner and the two other stockholders of Asheboro Company would contract not to re-enter the ice and coal business for a period of ten years. The Community Company offered "to pay $15,000 in addition for such an agreement." The sale was effected on this basis, and petitioner received the $15,000 in addition to his share of the proceeds of the sale of the corporation. The Commissioner added this $15,000 to petitioner's income tax return for 1928, calling it a profit from liquidating dividends. Petitioner appealed to the Board, which in turn sustained the Commissioner, saying, in a memorandum opinion: "The Commissioner treated it ($15,000.00) as coming from the Asheboro

Ice' and Coal Company as liquidating dividends. Regardless of how it came to him we are unable to say that it was not all income. An amount received as a liquidating dividend may be all income. Likewise an amount received directly for an agreement to refrain for a time from engaging in a particular business in a particular locality may be all income. He may have sold his services or a part thereof for a ten-year period, the compensator desiring that he remain inactive during that period instead of using his ability in other ways to earn income."

The record contains no evidence. The case was submitted to the Board on the allegations of the petition for review filed with the Board, and it is impossible to determine from anything which appears whether the $15,000 paid at the time of the sale was paid to the selling corporation or was paid directly to petitioner. But in the view we take, we assume that petitioner received the $15,000 personally as incidental to and in support of the contract of sale, and in that view we think the amount received was taxable income. Generally speaking, a contract to refrain from engaging in a particular business, where the restraint is limited as to time and space, is valid, but this rule is conditioned on the further rule that the stipulation must be ancillary to some lawful contract, such as vendor and vendee, and be reasonably necessary to protect the vendee in the enjoyment of the fruits of the contract. Where the sole object of both parties in making the contract is merely to restrain competition and enhance and maintain prices, the contract is void. Addyston Pipe Case (C. C. A.) 85 F. 271, 46 L. R. A. 122. Therefore, whether it be considered that the additional purchase price was paid to the corporation or was paid to its principal stockholder, it was paid as an incident of and in support of the contract of sale, and, in that aspect, is clearly within the provisions of section 22 of the Revenue Act of 1928 (c. 852, 45 Stat. 791, 797 [26 USCA § 2022]), defining gross income as including gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such prop-

erty; * * * or gains or profits and income derived from any source whatever.

There is positively not one word in the record which would justify us in saying that the payment to petitioner was a capital transaction. If the $15,000 was paid to the selling corporation and distributed by it to its principal stockholder by some intracompany agreement, it might very well be designated, as the Commissioner designated it, a liquidating dividend, for in that case it would be a profit earned in the sale of capital assets. On the other hand, if it was paid directly to petitioner, as an ancillary agreement with the contract, it was to its extent a gain received by him in consideration of forbearing, rather than doing, personal services.

The conclusion we reach is consistent with the practice of the bureau over a long period of years, for as far back as 1920 it announced, through office decisions, the rule in such cases as follows: "Where a corporation sells its assets, including goodwill, to a competing corporation, one condition to the sale being an agreement by the president of the vendor corporation not to engage in similar business, for which he is paid a money consideration, the amount so received by the president does not represent a conversion of capital, but is income for the year of its receipt." Commissioner's Bulletin 3, p. 93, O. D. 668.

In this country, every man has the right to exercise any lawful avocation on the same terms with his neighbor. He is free to choose his occupation and pursue it where and when he pleases, provided he does no wrong to the public at large or to any other individual. No kind of occupation or trade can be imposed on him or prohibited to him, so as to avoid election on his part. If he sells his services for wages or salary, what he receives is income. If he refrains from exercising his skill and ability in a particular line for a definite period, what he receives in compensation in the common understanding is just as much a gain and is income. In this view the decision of the Board is right and should be, and is, affirmed.

Affirmed.

HITZ, Associate Justice, took no part in the decision of this case.