**In the Matter of Sheila McGOUGH, Respondent. A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 90–1061.**

District of Columbia Court of Appeals.

Submitted March 11, 1992.

Decided April 7, 1992.

W. Gary Kohlman and Mark J. Rochon, filed a brief for respondent.

Elizabeth J. Branda, Asst., Bar Counsel, entered an appearance, for petitioner.

Before FERREN, TERRY and STEADMAN, Associate Judges.

PER CURIAM:

This matter is before the court on the recommendation of the Board on Professional Responsibility that we disbar respondent pursuant to D.C.Code § 11–2503(a) (1989) because of her fourteen felony convictions in federal district court. *See United States v. McGough,* No. Cr. 90–301A (E.D.Va. Jan. 18, 1991). The United States Court of Appeals for the Fourth Circuit recently affirmed all fourteen convictions. *United States v. McGough,* 949 F.2d 396 (4th Cir.1991). Before respondent had been convicted, the Board recommended that we suspend respondent from the practice of law for six months. After respondent's convictions, but before considering the Board's previous recommendation, this court suspended respondent upon notification under D.C.Bar R. XI, § 10(c) that respondent had been found guilty of serious crimes. The court directed the Board to institute a formal proceeding to investigate the nature of respondent's crimes for the purpose of determining whether they involved moral turpitude within the meaning of D.C. Code § 11–2503(a). Although respondent filed a brief with the Board before her criminal convictions, neither she nor Bar Counsel has filed a brief with the court.

The Board's Report and Recommendation lists the fourteen crimes for which respondent was convicted. We have held that some of these offenses involve moral turpitude *per se. See, e.g., In re Meisnere,* 471 A.2d 269 (D.C.1984) (conspiracy to defraud the United States in violation of 18 U.S.C. § 371); *In re Chuang,* 575 A.2d 725 (D.C.1990) (wire fraud in violation of 18 U.S.C. § 1343). We need not consider whether all the offenses involve moral turpitude, for conviction of any such crime mandates respondent's disbarment under D.C.Code § 11–2503(a).[1] Accordingly, it is

---

1. Because of respondent's intervening convictions, we have no need to pass upon the Board's pre-conviction recommendation that respondent be suspended from the practice of law for six months with a fitness requirement for reinstatement.

ORDERED that Sheila McGough be disbarred from the practice of law in the District of Columbia, effective 30 days from the date of this Order.[2]

*So ordered.*

2. We remind respondent of D.C.Bar R. XI, § 14 requiring disbarred and suspended attorneys to notify all clients and attorneys for adverse parties about the disbarment or suspension and, in particular, of Rule XI, § 14(g) requiring the attorney to maintain records showing compliance with § 14 as a possible condition of eventual reinstatement. We also remind respondent of D.C.Bar R. XI, § 16(c) providing that eligibility for reinstatement after suspension or disbarment shall not begin until the period of suspension (or, for disbarment, a period of five years) has elapsed "following the attorney's compliance with section 14."