645 A.2d 365

INSINGER MACHINE COMPANY, Appellant,

v.

PHILADELPHIA TAX REVIEW BOARD ("TRB").

Commonwealth Court of Pennsylvania.

Argued May 11, 1994.

Decided June 24, 1994.

Richard L. Cantor, for appellant.

Tina J. Coleman, Asst. City Sol., for appellee.

Before CRAIG, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

KELLEY, Judge.

Insinger Machine Company (Insinger) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) affirming the decision of the Philadelphia Tax Review Board (board). The board denied Insinger's petition for a refund of a business privilege tax imposed by the City of Philadelphia (City). We affirm.

Insinger is a manufacturer of commercial kitchen equipment with its manufacturing facilities and offices located in the City.

The First Class City Business Tax Reform Act [1] (Tax Reform Act) grants the authority to the City, as a first-class city, to levy and collect an annual tax on the taxable receipts of businesses, which includes manufacturers operating within its city limits. Pursuant to this authority, the City enacted an ordinance imposing a municipal business privilege tax to begin in the year 1985. *See* Philadelphia Code Chapter 19–2600, Business Privilege Taxes.

Section 19–2603 of the Philadelphia Code imposes the tax upon every person engaging in business in the City. Section 19–2604(4) provides manufacturers an alternative receipts tax computation.

On or about March 23, 1988, Insinger filed with the City's Department of Revenue (Department) a petition for refund of business privilege tax for the years 1985, 1986, and 1987.[2] The Department denied Insinger's petition on April 13, 1988.

On May 6, 1988, Insinger appealed the Department's denial to the board. A hearing was held before the board on August 11, 1992,[3] after which the board denied Insinger's petition for a refund. The parties stipulated at the hearing before the board that Insinger is a manufacturer.

■ Insinger timely appealed the board's decision to the trial court. By order dated May 25, 1993, the trial court denied Insinger's appeal and affirmed the board's decision. This appeal followed.[4]

1. Act of May 30, 1984, P.L. 345, *as amended,* 53 P.S. §§ 16181–16193.

2. Insinger requested a refund of (1) $4,670.00 for the year 1985; (2) $8,025.00 for the year 1986, and (3) $10,687.00 for the year 1987.

3. There is no explanation in the record as to the approximately four-year delay between the filing of Insinger's refund petition appeal in 1988 and the holding of a public hearing by the board on the petition in 1992.

4. This court's scope of review where, as here, the trial court takes no additional evidence is the same as that of the trial court; whether constitutional rights were violated, an error of law was committed, or the board's findings of fact were supported by substantial evidence. Section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b); *City of Philadelphia, Department of Revenue v. Tax Review Board of the City of*

On appeal, Insinger argues that (1) the board committed an abuse of discretion in applying the City's business privilege tax to manufacturers; and (2) the City's business privilege tax is invalid as to manufacturers because it is unconstitutional under the Federal and/or State Constitutions.

■ In support of its argument that the board committed an abuse of discretion in applying the City's business privilege tax to Insinger as a manufacturer, Insinger contends that the General Assembly did not intend for the City to levy a business privilege tax on Philadelphia manufacturers as a valid exercise of the City's taxing authority. We disagree.

The Tax Reform Act permits the City, as a first class city, to levy and collect an annual tax on the taxable receipts of businesses operating within the city limits. 53 P.S. §§ 16183–16184. The definitional section of the Tax Reform Act defines a manufacturer as "a person whose business is the sale of goods, commodities, wares or merchandise of its own manufacture, growth or production." 53 P.S. § 16182. Business is defined in the Tax Reform Act as the "carrying on or exercising, for gain or profit, within a city of the first class, any trade, business, ... profession, vocation or commercial activity or making sales to persons within such city of the first class." *Id.* The City's ordinance imposing the business privilege tax contains verbatim these same definitions of manufacturer and business. *See* Philadelphia Code § 19–2601. In addition, both the Tax Reform Act and the City's ordinance contain a section providing for an optional calculation of the tax for manufacturers. Accordingly, the board did not abuse its discretion in applying the City's business privilege tax to Insinger, as a manufacturer located and doing business within the City's limits.

Insinger cites several cases in support of its argument that an imposition of such a tax on manufacturers is disfavored by the courts because it competitively disables manufacturers. However, the cases relied upon by Insinger are not applicable

to the present situation as they address whether or not the City of Pittsburgh, a second class city, may impose a business privilege tax on manufacturers under the Local Tax Enabling Act.[5]

The City of Pittsburgh is specifically prohibited under the provisions of the Local Tax Enabling Act[6] from levying, assessing, and collecting a tax on goods and articles manufactured within the city's limits. 53 P.S. § 6902. However, there is no specific prohibition applicable to first class cities in the Tax Reform Act. On the contrary, it is clear by the language of the Tax Reform Act that the General Assembly intended for first-class cities to be empowered with the authority to impose a business privilege tax on manufacturers. *See* 53 P.S. §§ 16181–16193.

While Insinger acknowledges that the cited cases deal primarily with the City of Pittsburgh, it argues that our Supreme Court's statements in those cases, *i.e.*, that prohibiting a tax on manufacturers promotes uniformity, competitiveness, and encourages job growth, should be just as applicable to manufacturers located in the City of Philadelphia. This court believes, as did the trial court, that Insinger's arguments are more in the line of a political argument and, therefore, are best presented to the General Assembly.

■ Next, Insinger argues that the City's business privilege tax is unconstitutional because it violates the Commerce Clause of the United States Constitution by favoring non Philadelphia manufacturers over Philadelphia manufacturers.[7]

5. Insinger cites *Harsco Corp. v. City of Pittsburgh,* 516 Pa. 562, 533 A.2d 1012 (1987), *Atlantic Refining Company Case,* 398 Pa. 30, 156 A.2d 855 (1959), *Golden Triangle Broadcasting, Inc. v. City of Pittsburgh,* 483 Pa. 525, 397 A.2d 1147 (1979); and *H.J. Heinz Co. v. Pittsburgh,* 170 Pa.Superior Ct. 435, 87 A.2d 96 (1952).

6. Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §§ 6901–6922.

7. Municipal ordinances are subject to the same scrutiny under the commerce clause as are state laws. *See Waste Recycling, Inc. v. Southeast Alabama Solid Waste Disposal Authority,* 814 F.Supp. 1566 (M.D.Ala.1993).

Section eight, clause three of article one of the United States Constitution provides that Congress shall have the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes; . . ." U.S. Const. art. I, § 8, cl. 3.

It is well settled that taxes which unfairly burden interstate commerce are invalid. The United States Supreme Court articulated a four point test to determine the validity of a tax challenged as burdensome to interstate commerce in *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977). Under this test, a challenged tax does not offend the commerce clause if it (1) is applied to an activity with a substantial nexus to the taxing jurisdiction; (2) is fairly apportioned; (3) does not discriminate against interstate commerce; and (4) is fairly related to the services provided by the authority levying the tax.

Applying this standard to the City's business privilege tax, we conclude that the tax does not violate the commerce clause. First, the business privilege tax is applied to an activity with a substantial nexus to the City. The tax is applied to every person engaging in business within the City and the City clearly has authority under the Tax Reform Act to tax businesses within its jurisdiction. The City does not impose a tax on the taxable receipts sales made to parties outside the City limits but only on taxable receipts sales made to parties within the City limits. *See* Philadelphia Code § 19–2601.

Second, the City's business privilege tax must be fairly apportioned. This means that the tax cannot be duplicative, but must be structured so that if every state were to enact a similar law there would be no multiple taxation. *Equitable Life Assurance Society v. Murphy*, 153 Pa.Commonwealth Ct. 338, 368, 621 A.2d 1078, 1093 (1993). In addition, the tax imposed must reasonably reflect the in-state component of the activity being taxed. *Id.* (citing *Container Corp. of America v. Franchise Tax Board*, 463 U.S. 159, 103 S.Ct. 2933, 77 L.Ed.2d 545 (1983)).

The City's business privilege tax is fairly apportioned. Under the Tax Reform Act, only the City, as the sole first-class

city in Pennsylvania, has the authority to impose a tax on a manufacturer's taxable receipts sales made to persons within the city limits. Therefore, only the City has the jurisdiction to tax such sale and no other locality could tax such a sale pursuant to a similar ordinance. Furthermore, because only taxable receipt sales of manufactured goods made to persons within the City limits are being taxed, the in-state or in-city component of the sales being taxed is reflected.

Third, the City cannot impose a heavier tax burden on non-domiciliaries than on its own residents without discriminating against interstate commerce. *Equitable Life*, 153 Pa.Commonwealth Ct. at 368, 621 A.2d at 1093 (citing *American Trucking Associations, Inc. v. Scheiner*, 483 U.S. 266, 107 S.Ct. 2829, 97 L.Ed.2d 226 (1987); *H.K. Porter Co., Inc. v. Commonwealth*, 111 Pa.Commonwealth Ct. 463, 534 A.2d 169 (1987)). Insinger contends that Philadelphia manufacturers are being discriminated against in violation of the commerce clause because non-Philadelphia manufacturers do not have to pay the business privilege tax. We disagree.

The third prong of the *Complete Auto* test requires that *non-domiciliaries* cannot be burdened with a heavier tax than the residents subject to the taxing authority's power. *Id.* The tax imposed by the City is solely on the taxable receipts sales of manufacturers and other persons engaging in business within the City limits. Manufacturers domiciled outside the City's limits are not subject to the business privilege tax on sales made within the City limits. Therefore, the City's tax does not discriminate against interstate commerce as non-domiciliaries of the City are not subject to the City's business privilege tax.

Finally, "a tax must be fairly related to services provided by the City because it is the taxpayer's activity or presence within the state which justifies its being made to bear a share of the tax burden." *Equitable Life*, 153 Pa.Commonwealth Ct. at 369, 621 A.2d at 1093 (citing *Commonwealth Edison Co. v. Montana*, 453 U.S. 609, 101 S.Ct. 2946, 69 L.Ed.2d 884 (1981)). In the present case, only persons engaged in business within

the City limits are subject to the tax and those persons, such as Insinger and other manufacturers, are serviced by all the municipal services provided by the City. To provide these services, the City must have a revenue base which may be obtained through the imposition of taxes that all taxpayers must share. *See D.H. Holmes Co. v. McNamara*, 486 U.S. 24, 108 S.Ct. 1619, 100 L.Ed.2d 21 (1988). The Tax Reform Act enables the City to establish such a revenue base by specifically providing that the business privilege taxes collected by the City "shall be used by the [C]ity for general revenue purposes of the [C]ity." *See* 53 P.S. § 16183.

Accordingly, Insinger's contention that the City's business privilege tax is unconstitutional under the commerce clause must fail[8] and the trial court's order is affirmed.

## *ORDER*

NOW, this 24th day of June, 1994, the order of the Court of Common Pleas of Philadelphia County, dated May 25, 1993, at No. 9209–1785, is hereby affirmed.

8.  Insinger's contention in its statement of the questions presented that the City's business privilege tax is unconstitutional, as being violative of the uniformity, equal protection and due process clauses of the United States Constitution and the Pennsylvania Constitution, will not be addressed as Insinger failed to present arguments in its brief in support thereof.