**In re Edmund M. REGGIE, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 93–BG–1419.**

District of Columbia Court of Appeals.

Submitted Oct. 17, 1995.
Decided Nov. 2, 1995.

---

Before FERREN, TERRY, and REID, Associate Judges.

REID, Associate Judge:

After entering a plea of *nolo contendere*, respondent, a member of the Bar of the District of Columbia, was convicted in the United States District Court for the Western District of Louisiana, Lafayette–Opalousa Division, of violating 18 U.S.C. §§ 657 and 2 (1994), in that he knowingly and willfully misapplied the sum of $700,000 from the funds of a financial institution. He was ordered to pay a $30,000 fine and placed on supervised probation for a period of three years. This court received a certified copy of his judgment of conviction on November 3, 1993.

Pursuant to D.C.Bar R. XI, § 10(c), this court suspended respondent from the practice of law in the District of Columbia on November 10, 1993, pending formal proceedings by the Board of Professional Responsibility to determine whether he had engaged in a crime of moral turpitude within the meaning of D.C.Code § 11–2503(a). Both Bar Counsel and the Board have concluded that a felony involving intent to defraud constitutes a crime of moral turpitude. We agree. *See In re Fox*, 627 A.2d 511 (D.C. 1993) (mail fraud); *In re Bond*, 519 A.2d 165 (D.C.1986) (mail and wire fraud); *In re Anderson*, 474 A.2d 145 (D.C.1984) (false pretenses). One of the elements of the crime of misapplication of the funds of a lending institution is intent to defraud. *See United States v. Musacchio*, 940 F.2d 486, 491 (9th Cir.1991); *United States v. Parekh*, 926 F.2d 402 (5th Cir.1991). Accordingly, a violation of 18 U.S.C. §§ 657 and 2 (1994) constitutes a crime of moral turpitude under D.C.Code § 11–2503.

The Board has recommended disbarment and has advised that respondent failed to file the affidavit required by Rule XI, § 14(g) notifying his clients of his November 10, 1993, order of suspension. We adopt the Board's recommendations and order respondent disbarred, *nunc pro tunc*, as of November 10, 1993. We further direct that the five years within which respondent shall be ineligible for reinstatement shall run from the date on which he files the required affidavit. *See* D.C.Bar R. XI, § 16(c).

*So Ordered.*