**BRIGHTON MANAGEMENT SERVICE, INC., Designated as Brighton Management Services, Inc. Below, Brighton Enterprises, Inc., Charlies Dream, Inc., Dailey Planet News, Inc., Elgee Novelties, Inc., Kelly Brooks t/a/ Elgee Novelties, Wood Enterprises, Inc., 57 N. 13th Street Corp., 120 S. 13th Street Corp., 942 Market Street Corp. and 1632 Market Street Amusement, Appellants,**

v.

### CITY OF PHILADELPHIA, TAX REVIEW BOARD.

Commonwealth Court of Pennsylvania.

Argued Oct. 18, 1995.

Decided Nov. 27, 1995.

---

Lewis H. Robertson, for appellants.

Margaret E. Pawlowski, for appellee.

Before COLINS, President Judge, and DOYLE, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

COLINS, President Judge.

Brighton Management Services and ten other operators of coin-operated adult entertainment devices (collectively, taxpayers) appeal from the April 5, 1995 order of the Court of Common Pleas of Philadelphia County (Common Pleas), affirming the Philadelphia Tax Review Board's decision that Philadelphia's Mechanical Amusement Device tax[1] does not violate the First Amendment of the United States Constitution[2] as applied to the taxpayers.

1. The Philadelphia Code §§ 19-901—19-903.

The tax applies to "[a]ny machine or device for amusement or entertainment which is operated by the insertion of a coin or token representing such coin, but excluding any machine or device which is operated by a sound production licensee pursuant to § 9–303(3)." The Philadelphia Code § 19–901. In addition to the devices maintained by the taxpayers, mechanical amusement devices include jukeboxes, pinball machines, and video games. Amusement device operators are required to register, and pay a $100 tax for, each device; the taxpayer receives a registration label for each device.

Each of the taxpayers in this case maintains coin-operated devices that exhibit film, video, or live presentations of an adult nature to retail customers. The taxpayers assert that the tax, as applied to them, constitutes an unconstitutional prior restraint of protected expression because using, or permitting the use of, the devices without having paid the tax and obtained the registration label subjects the taxpayer to criminal penalties upon conviction. The Tax Review Board found the tax to be a revenue-raising provision that applies regardless of the content of the entertainment and that issuance of the registration label is mandatory and not discretionary. The Board concluded that the tax does not constitute a prior restraint on the taxpayer's First Amendment rights and is not unconstitutional as applied. Common Pleas affirmed.

Our scope of review is the same as that of the trial court taking no additional evidence; that is, whether constitutional rights were violated, whether errors of law were committed, or whether the Tax Review Board's findings of fact were supported by substantial evidence. *Insinger Machine v. Tax Review Board*, 165 Pa.Cmwlth. 344, 645 A.2d 365 (1994), *petition for allowance of appeal denied*, 540 Pa. 624, 657 A.2d 494 (1995).

The First Amendment does not prohibit all regulation of the press, speech, or expression. Government can levy generally applicable regulations without constitutional violation. *Minneapolis Star & Tribune v.*

2. U.S. Const. amend. I.

*Minnesota Commissioner of Revenue,* 460 U.S. 575, 103 S.Ct. 1365, 75 L.Ed.2d 295 (1983). Courts have found First Amendment violations where a tax has a censorial or discriminatory purpose,[3] where the tax is applied differentially to First Amendment speakers,[4] and where the tax depends on the content of the message.[5] The taxpayers in this case make no such assertions; the taxpayers contend that because payment of the tax is a precondition to the exercise of their constitutional rights, the tax acts as a prior restraint. We disagree.

Prior restraint exists where a government order "restricts or prohibits speech prior to its publication"[6] on the basis of its content. The facts in this case do not support such a claim. The amusement device tax in no way prohibits speech prior to publication. The tax involves no censorship, no prohibition, and no discretion as to which devices will be registered and which will be denied registration. All coin-operated amusement devices covered by the tax are to be registered, and registration cannot be denied once the tax is paid.

Accordingly, we find the Tax Review Board committed no error, and we affirm.

### ORDER

AND NOW, this 27th day of November, 1995, the decision of the Court of Common Pleas of Philadelphia County is affirmed.

---

**3.** *Grosjean v. American Press Co.,* 297 U.S. 233, 56 S.Ct. 444, 80 L.Ed. 660 (1936).

**4.** Differential taxation triggers heightened scrutiny if the tax targets a small group of speakers or discriminates on the basis of the content of the speech. *Leathers v. Medlock,* 499 U.S. 439, 111 S.Ct. 1438, 113 L.Ed.2d 494 (1991).

**5.** *Regan v. Time, Inc.,* 468 U.S. 641, 104 S.Ct. 3262, 82 L.Ed.2d 487 (1984).

**6.** Ronald D. Rotunda & John E. Nowak, Treatise on Constitutional Law: Substance and Procedure, § 20.16, at 80 (2d ed. 1992). "Such orders may include censorship of movies, denial of mail privileges, refusal of access to a public forum and judicial protective or 'gag' orders against the press in criminal cases." *Id.* at 80–81 (footnotes omitted).