In re John J. LIPARI, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 92–BG–831.

District of Columbia Court of Appeals.

Submitted Sept. 24, 1996.

Decided Oct. 30, 1997.

John J. Lipari, pro se.

Leonard H. Becker, Bar Counsel, and Traci M. Tait, Assistant Bar Counsel, entered appearances for petitioner, the Office of Bar Counsel.

Before TERRY, STEADMAN and RUIZ, Associate Judges.

TERRY, Associate Judge:

Respondent Lipari, a member of the Bars of the District of Columbia and New Jersey, was disbarred in New Jersey in March 1992. Mr. Lipari had been an attorney for First Atlantic Savings and Loan Association, a federally insured thrift institution in New Jersey which was declared insolvent in 1990 by the Resolution Trust Corporation. On February 7, 1992, in the United States District Court for the District of New Jersey, he pleaded guilty to a two-count information which charged him with conspiracy to commit an offense against the United States and to defraud the United States (count 1)[1] and knowing and willful tax evasion (count 2).[2] The conspiracy count alleged that Mr. Lipari and two officers of First Atlantic had conspired to defraud the United States and to violate three federal criminal statutes: 18 U.S.C. § 215(a), which prohibits the payment of "commissions or gifts"—kickbacks—to bank officers for procuring loans; 18 U.S.C. § 657, which prohibits embezzling funds from a federally insured financial institution; and 18 U.S.C. § 1956(a)(1)(B)(i), which prohibits money laundering. He was later sentenced to concurrent prison terms of nine months on each count, followed by three years of super-

---

1. Under 18 U.S.C. § 371 (1994), it is a felony to conspire "either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose...."

2. 26 U.S.C. § 7201 (1994) provides that "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall ... be guilty of a felony...."

vised release, and was ordered to make restitution "in an amount equal to his personal gain, approximately \$400,000," payable in monthly installments.[3]

■ Upon learning of his guilty plea, this court suspended Mr. Lipari and directed the Board on Professional Responsibility ("the Board") to begin a formal disciplinary proceeding in the District of Columbia. We asked the Board to determine whether the crimes of which he was convicted involved moral turpitude, as that term is used in D.C.Code § 11–2503(a) (1995).[4] The Board ruled that Mr. Lipari's conviction of conspiracy under 18 U.S.C. § 371 involved moral turpitude *per se* and therefore recommended that he be disbarred. We agree and order his disbarment under D.C.Code § 11–2503(a).

Mr. Lipari was convicted of two offenses: conspiracy and tax evasion. This court has held that willful tax evasion, in violation of 26 U.S.C. § 7201, is not a crime of moral turpitude *per se*. *In re Shorter*, 570 A.2d 760, 766 (D.C.1990). In light of this holding, we undertook in *Shorter* to examine the facts underlying the conviction and concluded that they did not establish moral turpitude. *Id.* at 767. If tax evasion were the only crime of which Mr. Lipari was convicted, we would follow the same course here; *i.e.*, we would consider whether the underlying facts established moral turpitude, as we did, for example, in *In re Casalino*, 697 A.2d 11, 13 (D.C. 1997). In this case, however, we need not do so, because we are satisfied that the other crime of which Mr. Lipari was convicted inherently involved moral turpitude and therefore requires his disbarment under D.C.Code § 11–2503(a). *See In re McGough*, 605 A.2d 605 (D.C.1992) (when there are multiple convictions, only one crime involving moral turpitude need be found for disbarment under section 11–2503(a)).

■ The first count of the information to which Mr. Lipari pleaded guilty charged him with conspiracy to defraud the United States *and* to violate three federal criminal statutes: 18 U.S.C. §§ 215(a), 657, and 1956(a)(1)(B)(i). Because a conspiracy conviction does not necessarily involve moral turpitude *per se*, we must look to the offense that was the object of the conspiracy in order to determine whether moral turpitude is involved. *See In re Meisnere*, 471 A.2d 269, 270 (D.C.1984). We agree with the Board, however, that if that offense is one of moral turpitude *per se*, then the conspiracy is also a crime of moral turpitude *per se*. This court has held that conspiracy to defraud the United States is a crime of moral turpitude *per se*. *In re Hirschfeld*, 622 A.2d 688, 691 (D.C. 1993); *In re Meisnere, supra*. We have also held that a violation of 18 U.S.C. § 657 involves moral turpitude *per se*. *In re Reggie*, 666 A.2d 69 (D.C.1995). From these precedents it logically follows that the conspiracy of which Mr. Lipari was convicted was a crime inherently involving moral turpitude.

■ If the conspiracy conviction were based on a jury verdict, rather than a guilty plea, our inquiry might have to go further. As the Board observes in its report:

> If a defendant is convicted of a conspiracy with multiple objectives—some of which involve moral turpitude *per se* but some of which do not—it may not be possible to determine precisely what the jury convicted the defendant of conspiring to do. A jury is instructed that in order to convict it need find only that the defendant committed conspiracy to commit one of multiple objectives. It therefore may not be possible to determine from a general verdict of guilty whether the jury convicted the defendant of conspiracy with an objective that inherently involves moral turpitude or one that does not.

Similarly, in *In re Shorter, supra*, the indictment alleged three affirmative acts of tax

---

3. After his release from prison, his sentence was modified by eliminating the last fifteen months of supervised release and allowing him to make a lump-sum restitution payment in lieu of the last fifteen monthly installments.

4. Section 11–2503(a) requires this court to disbar any member of its bar who is "convicted of an offense involving moral turpitude...." "Once moral turpitude is established, the statute leaves the court no discretion to impose a lesser sanction." *In re Sneed*, 673 A.2d 591, 594 (D.C. 1996) (citation omitted).

evasion, and the jury had to find that Mr. Shorter had committed only one such act, without specifying which one it was, in order to find him guilty. Since at least one of the three acts charged did not involve moral turpitude *per se*, we held that we could sanction him only "to the extent minimally necessary to sustain the underlying convictions." *Shorter*, 570 A.2d at 766–767 (footnote omitted). In this case, however, because Mr. Lipari pleaded guilty to the entire conspiracy count, and because he has never asserted, either before the Board or before this court, that he was not guilty of any act alleged in that count,[5] we hold that he may be presumed to have admitted everything in the information, specifically including conspiracy to defraud the United States and conspiracy to violate 18 U.S.C. § 657. Since both of those offenses inherently involve moral turpitude, we need not consider whether a conspiracy to violate either 18 U.S.C. § 215(a) or 18 U.S.C. § 1956(a)(1)(B)(i) is also a crime of moral turpitude. *See In re McGough, supra.*

It is therefore ORDERED that respondent, John J. Lipari, is hereby disbarred from the practice of law in the District of Columbia pursuant to D.C.Code § 11–2503(a), effective immediately. The parallel reciprocal disciplinary proceeding is dismissed as moot. We direct Mr. Lipari's attention to D.C. Bar Rule XI, § 14(g), requiring the filing of an affidavit containing certain information, and to Rule XI, § 16(c), setting forth the consequences of a failure to file the affidavit within the time prescribed by section 14(g).

---

5. *Cf. In re Goldsborough*, 654 A.2d 1285, 1288 (D.C.1995) (this court's usual deference to the recommendation of the Board "becomes even more deferential where, as here, the attorney has failed to contest the proposed sanction").