John RAUCH, Appellant,

v.

## TAX REVIEW BOARD OF the CITY OF PHILADELPHIA and the City of Philadelphia.

Commonwealth Court of Pennsylvania.

Argued Feb. 9, 1998.

Decided March 12, 1998.

E. Morgan Maxwell, III, Philadelphia, for appellant.

Frank Piava, Jr., Philadelphia, for appellee, Tax Review Board.

Before COLINS, President Judge, and KELLEY, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

John Rauch (Rauch) appeals from an order of the Court of Common Pleas of Philadelphia County that affirmed the decision of the Philadelphia Tax Review Board (Board) that held that payments for covenants not to compete are subject to the Philadelphia Net Profits Tax (NPT). We affirm.

Rauch withdrew from an architectural firm and received payments for his interest in the corporation, his interest in a partnership that held real property and his agreement not to compete as an architect for a stated period of time. Rauch challenged the decision by the Philadelphia Department of Revenue (Department) that payments he received in 1990, 1991 and 1992 in exchange for his agreement not to compete are subject to the NPT. After hearings, the Board held that the payments were subject to the NPT.

On appeal, the trial court affirmed the Board's decision, explaining that:

The Net Profits Tax taxes 'net profits earned in business, professions or the activities ....' Philadelphia Code § 19–1502(c). 'Net Profits' are the 'net gain from the operation of a business, profession or enterprise ....' Philadelphia Code § 19–1501(4). A 'business' is defined as an 'enterprise, activity, profession or undertaking of any nature conducted for profit or ordinarily conducted for profit. ...' Philadelphia Code § 19–1501(1). The Board interpreted and applied these sections of the tax ordinance to determine that payments received under a covenant not to compete were taxable. In a prior decision where it reached the same conclusion, the Board explained:

It is the finding of the Tax Review Board that the promise not to compete and the subsequent 'undertaking' of that effort pursuant to a business arrangement is sufficient to bring this within the purview of the Net Profits Tax. The fact that this is a negative covenant or rather, a promise not to do something, does not remove it from the realm of a business activity which is undertaken as

part and parcel of a contract for a fee. The act of not competing is the consideration contributed to this contract by the Appellant. It is consideration that has a business, not a personal purpose.

*Jerome L. Levin,* No. 95–0, Docket No. 40.3–011795–2 (Tax Rev. Bd., Nov. 14, 1995).

*Rauch v. Tax Review Board of the City of Philadelphia* (No. 96–09–1805, filed March 25, 1997), slip op. at 2. In a footnote, the trial court noted that:

As a result of a dispute, Mr. Rauch withdrew from his architectural firm and, after litigation, received $1,300,000.00 in return for his interest. The amount of the payment and the characterization and allocation of the payment were negotiated by the parties as part of their settlement agreement. By characterizing $750,000 of the package as payments under a non-competition covenant, the architectural firm was able to take advantage of federal, state and city tax laws and deduct that amount as a business expense. If Mr. Rauch is permitted to avoid the application of the Net Profits Tax to the payments he received under the covenant, then essentially neither party would have been taxed on the $750,000 transaction, while the firm was permitted to reduce its Net Profits Tax liability by approximately $37,500.00.

*Id.* Consequently, the trial court held it appropriate to defer to the agency's own interpretation of the applicable ordinance that it administers and enforces, finding no error of law by the Board and affirming the Board's decision.

Prior to discussing Rauch's issue on appeal, we note that the Commonwealth has delegated limited taxing powers to the City of Philadelphia through what is commonly known as the Sterling Act, Act of August 5, 1932, Ex.Sess., P.L. 45, *as amended,* 53 P.S. §§ 15971–15973. The NPT is one of the types of taxes instituted pursuant to the Sterling Act. The NPT is imposed on income earned by Philadelphia residents from salaries, wages, commissions and other compensation, Philadelphia Code § 19–1502(1)(a), and on the net profits earned in businesses, professions or other activities conducted by residents, Philadelphia Code § 19–1502(1)(c).

Rauch appeals to this Court,[1] arguing that payments made under a non-compete covenant are exempt from the NPT because the payments are not earned from the operation of a business in the common understanding of those terms, i.e., payments made in exchange for a promise not to compete do not constitute the carrying on of the operation or the conducting of a trade or business for purposes of the NPT.

Rauch argues that tax laws are to be strictly construed and that the trial court erred in relying on *Levin* because it broadly interpreted the language of the NPT, expanding its application to cover virtually any profit motivated activity. Rauch relies on *Quaid v. Philadelphia Tax Review Board*, 188 Pa.Super. 623, 149 A.2d 557 (1959), a case that considered the application of the NPT to monies paid for good will associated with a partnership interest. The *Quaid* court held that the gain did not constitute gain earned from the operation of a business and that the gain could not be taxed under the NPT. Rauch argues that *Quaid* stands for the proposition that the payment was not made in exchange for any labor, management or supervision and that the payment was a single isolated transaction not earned from the operation of a business and should, therefore, control the issue presently before us. However, in this case, Rauch promised not to compete for a period of three years, and he received payments so long as he refrained from competing over the three-year period from 1991 to 1993. Such payments were, therefore, not a part of a single isolated transaction, but dependent on Rauch's continued performance of his promise not to compete.

Rauch also relies on *Rappaport v. Tax Review Board*, 682 A.2d 862 (Pa.Cmwlth. 1996), *petition for allowance of appeal denied*, 548 Pa. 651, 695 A.2d 788 (1997), wherein the Court discussed the word "earned" as used in the ordinance at issue and reasoned that it means to gain, get, obtain, or acquire as the reward of labor or performance of some service. Relying on this language, Rauch contends that some level of activity is required before a person can be treated as a taxpayer under the NPT and that sums received for refraining from activity are not earned as the term is used in the ordinance.

The Board suggests we follow *Levin* and indicates that *Quaid* is unhelpful here because the issue concerned the treatment of a payment for "good will" which has been treated as capital gains and not ordinary income or for that matter earned income. The Board also suggests that *Rappaport* should not be relied upon here. The taxpayer in *Rappaport* was in the real estate business and his income from selling real property was taxable business income as opposed to passive investment income. The *Rappaport* opinion makes clear that a taxpayer in the real estate business has profits from a business and must pay tax under the NPT, but the decision does not turn on the level of activity required of a taxpayer before the income can be considered "earned income."

The Board also relies on a number of federal tax cases, namely *Schaefer v. Commissioner*, 105 T.C. 227, 1995 WL 542395 (1995). Although in *Schaefer* the issue concerned passive income as opposed to positive income that did not allow for deductions, the court discussed income from a covenant not to compete as indistinguishable from either portfolio income or earned income. The *Schaefer* court relied on federal case law that explained that payment for a covenant not to compete was ordinary income and compared favorably with earned income. *Cox v. Helvering*, 71 F.2d 987 (D.C.Cir.1934). The *Schaefer* court also discussed a negative covenant as equivalent to affirmative personal services, *Ullman v. Commissioner*, 29 T.C. 129, 1957 WL 962 (1957), *aff'd*, 264 F.2d 305 (2d Cir.1959), and that payment under a covenant not to compete is compensation for refraining from exercising a right to engage in business. *Beals' Estate v. Commissioner*, 82 F.2d 268 (2d Cir.1936). The *Schaefer* court concluded that refraining from engag-

---

1. This court's scope of review where, as here, the trial court takes no additional evidence is the same as that of the trial court; whether constitutional rights were violated, an error of law was committed, or the Board's finding of fact are supported by substantial evidence. Section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b). *Insinger Machine Co. v. Philadelphia Tax Review Board*, 165 Pa.Cmwlth. 344, 645 A.2d 365 (1994), *petition for allowance of appeal denied*, 540 Pa. 624, 657 A.2d 494, *cert. denied*, 516 U.S. 915, 116 S.Ct. 303, 133 L.Ed.2d 208 (1995).

ing in competition is equivalent to personal services.

Although most of the federal case law cited by the parties discusses issues raised concerning ordinary income rather than specifically defining what is earned income, the cases do shed light on how the income from a non-compete clause should be treated, i.e., as earned income. *See Schaefer, Patterson v. Commissioner,* 810 F.2d 562 (6th Cir.1987), and *Beals.*

Based on the language of the statute and case law relied upon by the Board, in particular the federal cases cited above, we conclude that the Board's interpretation of the statute it is charged with enforcing is persuasive. We further conclude that the authority cited by Rauch has not convinced this Court that the sums he received pursuant to the covenant not to compete should be considered not to have been earned in the course of business activity and, therefore, not subject to the NPT.

Accordingly, we affirm.

### ORDER

NOW, March 12, 1998, the order of the Court of Common Pleas of Philadelphia County, at No. 96–09–1805, dated March 25, 1997, is affirmed.