**In re Geoffrey P. KELLY, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 01–BG–1361.**

District of Columbia Court of Appeals.

Submitted Jan. 21, 2003.

Decided Feb. 6, 2003.

Before GLICKMAN and WASHINGTON, Associate Judges, and KING, Senior Judge.

PER CURIAM.

On March 22, 2000, respondent Geoffrey P. Kelly was convicted on a plea of guilty in the United States District Court for the Western District of Pennsylvania to three counts of filing a false income tax return and one count of bank fraud.[1] He was sentenced to four concurrent terms of five months' imprisonment with work release, to be followed by five years of supervised release, and was ordered to pay restitution in the amount of $18,131.47 and an assessment of $250.00.

As a result of his convictions, the Supreme Court of Pennsylvania disbarred respondent on consent.[2] Bar Counsel filed in this court a certified copy of respondent's judgment of conviction and a certified copy of the disbarment order, and this court temporarily suspended respondent on November 14, 2001, pursuant to D.C. Bar R. XI, §§ 10(c) and 11(d), and referred the matter to the Board on Professional Responsibility ("the Board"). The Board has concluded that respondent should be disbarred pursuant to D.C.Code § 11–2503(a) (2001) because his bank fraud conviction involves moral turpitude *per se.* Neither Bar Counsel nor respondent has opposed the Board's recommendation.

Bank fraud is indeed a crime of moral turpitude *per se.*[3] Therefore, D.C.Code § 11–2503(a) mandates respondent's disbarment. We need not address whether the conduct underlying respondent's other

---

1. In violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 1344(1), respectively.

2. *Office of Disciplinary Counsel v. Kelly,* 565 Pa. 254, 772 A.2d 955 (2001).

3. *In re Rosenbleet,* 592 A.2d 1036 (D.C.1991).

convictions involved moral turpitude.[4] Additionally, the question of reciprocal discipline is rendered moot. Accordingly, we adopt the Board's recommendation, and it is

ORDERED that Geoffrey P. Kelly is disbarred, pursuant to D.C.Code § 11–2503(a), from the practice of law in the District of Columbia. We note that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g). We direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

**4.** *In re McGough,* 605 A.2d 605, 605 (D.C. 1992) ("We need not consider whether all the offenses involve moral turpitude, for convic- tion of any such crime mandates respondent's disbarment under D.C.Code § 11–2503(a).")