**In re Clifford J. QUINN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 03–BG–76.**

District of Columbia Court of Appeals.

Submitted May 4, 2004.

Decided May 13, 2004.

Before STEADMAN, FARRELL and REID, Associate Judges.

PER CURIAM.

Respondent Clifford J. Quinn was convicted in the U.S. District Court for the District of Maryland on one count of conspiracy to defraud the United States, two counts of conflict of interest, two counts of solicitation of a bribe by public officials, and three counts of wire fraud.[1] On September 9, 2002, respondent was sentenced to an aggregate term of eighty-seven months, to be followed by three years of supervised release, and was ordered to pay an $800 assessment and a fine of $15,000.

Bar Counsel filed a certified copy of respondent's judgment of conviction, and, on February 10, 2003, this court temporarily suspended respondent pursuant to D.C. Bar R. XI, § 10(c). We directed the Board on Professional Responsibility ("Board") to institute a formal proceeding to determine the nature of the final discipline to be imposed and, specifically, to decide whether any of respondent's crimes involved moral turpitude. The Board has concluded that respondent's convictions involve moral turpitude *per se* and recommends disbarment pursuant to D.C.Code § 11–2503(a) (2001).

Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Respondent has not filed any exceptions to the Board's report and recommendation. We therefore accept the Board's findings and adopt its recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). When an attorney is convicted of multiple offenses, disbarment is imposed if any one of them involves moral turpitude *per se*. *See In re Lipari*, 704 A.2d 851, 852 (D.C.1997) (citing *In re*

---

1. In violation, respectively, of 18 U.S.C. §§ 371, 208, 216(a)(2), 201(b)(2), 1343 & 1346.

*McGough*, 605 A.2d 605 (D.C.1992)). And, it is well settled that conspiracy to defraud the United States and wire fraud are inherently crimes of moral turpitude. *See, e.g., In re Ferber*, 703 A.2d 142 (D.C.1997); *Lipari, supra*, 704 A.2d at 852; *In re Matzkin*, 665 A.2d 1388 (D.C.1995); *In re Chuang*, 575 A.2d 725 (D.C.1990). Thus, D.C.Code § 11–2503(a) mandates respondent's disbarment. Accordingly, it is

ORDERED that Clifford J. Quinn is disbarred from the practice of law in the District of Columbia. We note that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g). We again direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*