**In re Edward L. TEZAK, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 429121).**

**No. 04–BG–1438.**

District of Columbia Court of Appeals.

Submitted April 21, 2006.

Decided May 4, 2006.

Before SCHWELB, FARRELL, and RUIZ, Associate Judges.

PER CURIAM:

In its Report and Recommendation dated December 23, 2005, as clarified in subsequent correspondence with the court, the Board on Professional Responsibility has recommended that Edward L. Tezak, who was admitted to the Bar of this court on June 28, 1991, be disbarred. The Board's recommendation was based on Tezak's conviction in the United States District Court for the Western District of Washington, following the entry of a plea of guilty, of the offenses of wire fraud, in violation of 18 U.S.C. § 1343, and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B). In its Report, the Board concisely explained the reasons for its recommendation:

> D.C.Code § 11–2503(a) provides for the mandatory disbarment of a member of the District of Columbia Bar convicted of a crime of moral turpitude. A crime

$1,300—based on the number of ziploc bags found in the car.

of which intent to defraud is an essential element is a crime involving moral turpitude *per se*. *See In re Bond*, 519 A.2d 165, 166 (D.C.1986) (per curiam). Because specific intent to defraud is an essential element of the crime of wire fraud, the [c]ourt has repeatedly held that it is a crime of moral turpitude *per se*. *See, e.g., In re Quinn*, 849 A.2d 1009, 1010 (D.C.2004) (per curiam); *In re Evans*, 793 A.2d 468, 469 (D.C.2002) (per curiam); *In re Hackney*, 777 A.2d 786, 786 (D.C.2001) (per curiam). Thus, disbarment is mandated under D.C.Code § 11–2503(a) for Respondent's conviction of wire fraud.

In conformity with D.C. Bar R. XI, § 9(g)(1), this court shall "adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." Where, as in this case, the Board's recommendation is unopposed, we accord it heightened deference. *In re Ukwu*, 712 A.2d 502, 503 (D.C.1998) (per curiam). In the present case, we agree with the Board that disbarment is mandated by our precedents, and we perceive no basis for declining to impose the discipline recommended by the Board. Accordingly, Edward L. Tezak is hereby disbarred.

*So ordered.*[1]

---

1. Tezak has not filed the affidavit required by D.C. Bar R. XI, § 14(g). For purposes of possible reinstatement, his disbarment shall be deemed to run from the date upon which he files the required affidavit. We also direct Tezak's attention to the responsibilities of disbarred attorneys set forth in D.C. Bar R. XI, §§ 14 and 16.