**In re Celicia HOOVER–HANKERSON, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 438086).**

**No. 04–BG–838.**

District of Columbia Court of Appeals.

Submitted June 25, 2008.

Decided July 17, 2008.

Before GLICKMAN and FISHER, Associate Judges, and TERRY, Senior Judge.

---

PER CURIAM.

On July 8, 2004, respondent Celicia Hoover–Hankerson was convicted in the United States District Court for the District of Columbia on one count of conspiracy to defraud the United States, two counts of fraud in the first degree, two counts of theft concerning programs receiving federal funds, and aiding and abetting each of the preceding counts. Respondent was sentenced to an aggregate term of thirty-five months, and was ordered to pay approximately $75,000 in restitution. Her conviction and sentence were affirmed on December 21, 2007.[1]

Bar Counsel filed a certified copy of respondent's judgment of conviction, and, on July 26, 2004, this court temporarily suspended respondent pursuant to D.C. Bar R. XI, § 10(c). We further directed the Board on Professional Responsibility ("Board") to institute a formal proceeding to determine the nature of the final discipline to be imposed and, specifically, to decide whether any of respondent's crimes involved moral turpitude. The Board has concluded that respondent's convictions involve moral turpitude *per se* and recommends disbarment pursuant to D.C.Code § 11–2503(a) (2001).

Bar Counsel takes no exception to the Board's report and recommendation, and respondent has withdrawn her previously filed exceptions. We accept the Board's findings and adopt its recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C. 1997). When an attorney is convicted of multiple offenses, disbarment is imposed if any one of them involves moral turpitude *per se. In re Lipari,* 704 A.2d 851, 852 (D.C.1997). And, it is well settled that conspiracy to defraud the United States is inherently a crime of moral turpitude. *Id.*

Thus, D.C.Code § 11–2503(a) mandates respondent's disbarment. Accordingly, it is

ORDERED that Celicia Hoover–Hankerson is disbarred from the practice of law in the District of Columbia. For the purposes of reinstatement, respondent's disbarment will run from the date that she files an affidavit which conforms to the requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*

---

1. *United States v. Hoover–Hankerson,* 511 F.3d 164 (D.C.Cir.2007).