*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 25-BG-0765

IN RE SARA J. KING, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 1033988)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN: 24-BD-020; DDN: 2023-D086)

(Decided January 29, 2026)

Before: EASTERLY and SHANKER, *Associate Judges*, and THOMPSON, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility recommends that Sara J. King be disbarred from the practice of law following her convictions for wire fraud and money laundering, in violation of 18 U.S.C. §§ 1343, 1957. This court has previously concluded that wire fraud is a crime of moral turpitude per se.[1] Respondent has not filed any exceptions to the Board's Report and Recommendation.

---

[1] *See In re Miller*, 258 A.3d 834, 834 (D.C. 2021) (per curiam).

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) (per curiam) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Because no exceptions have been filed and the conviction for wire fraud is a crime of moral turpitude per se for which disbarment is required by D.C. Code § 11-2503(a),[2] we accept the recommendation that respondent be disbarred. Accordingly, it is

ORDERED that Disciplinary Counsel's motion for extension of time is granted and the lodged certified copy of respondent's criminal judgment is filed. It is

FURTHER ORDERED that respondent Sara J. King is hereby disbarred from the practice of law in this jurisdiction. Respondent's attention is directed to the requirements of D.C. Bar R. XI, § 14 and their effect on eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c). It is

---

[2] In view of the wire fraud conviction, we need not address respondent's conviction for money laundering. *See In re Hoover-Hankerson*, 953 A.2d 1025, 1026 (D.C. 2008) (per curiam) ("When an attorney is convicted of multiple offenses, disbarment is imposed if any one of them involves moral turpitude per se.").

FURTHER ORDERED that the underlying proceeding which resulted in respondent's suspension pursuant to D.C. Bar R. XI, § 10, *In re King*, No. 24-BG-0275, is dismissed as moot.

*So ordered.*